## G. L. Wright v. C. S. McNatt.

1. Preferred cases—Rules.—By rule 59, administration cases will be advanced on the Supreme Court docket.

2. Removal of administrator—Statute construed.—Section 27 of the Probate act of 1876, providing for the removal of executors or administrators by the county judge of his own motion, or of any person interested in the estate, * * * " when they fail to obey any order of the court consistent with this act in relation to the estate committed to their charge," gives the right to remove for the failure to execute an order requiring the sale of land, although the administrator may claim that the order was illegal, because including the homestead.

3. Practice in Probate Courts.—The legality of an order of sale cannot be tested by the administrator resisting an order removing him for disregarding the order of sale. The remedy against the disputed order is by appeal or *certiorari.*

4. Order of sale held not to be a nullity.—An order for the sale of 300 acres of land, including the homestead, for the payment of debts of an estate, is not a nullity by reason of including the homestead, though it might be erroneous.

5. Minors prosecuting suits.—Minors cannot sue by attorney. In litigating, general or special guardians should be appointed.

Appeal from Cooke. Tried below before the Hon. J. A. Carroll.

The facts sufficiently appear in the opinion.

*Walton, Green & Hill,* for appellant.

I. Where it is affirmatively shown, or is admitted, that certain property had been used by the family as a homestead, that the estate is insolvent, and the intestate left children who are minors, the property forms no part of the estate of said intestate, and is not the subject of administration, or of an order of the Probate Court.

The homestead rights accrued under the act of 1870, (Paschal's Dig., art. 5487,) which declares " the property reserved from forced sale by the Constitution and laws of this State, or its value, if there be no such property, does not form any

part of the estate of a deceased person where a constituent of the family survives."

The statute was but the carrying out of the doctrine held by the court before that time. (Green *v.* Crow, 17 Tex., 188; Sossaman *v.* Powell, 21 Tex., 664; Fisk *v.* Norvel, 9 Tex., 13; Howard *v.* Bennett, 13 Tex., 309; Withers *v.* Patterson, 27 Tex., 500.) For there can be no jurisdiction where the law forbids the thing to be done. (Flanagan *v.* Pierce, 27 Tex., 79; Hamblin *v.* Warnecke, 31 Tex., 93.)

The doctrine of *res judicata* can apply to such matters and questions only as the court under the law had jurisdiction to hear and determine, (Houston *v.* Musgrove, 35 Tex., 596,) and want of jurisdiction makes a judgment utterly void and unavailable for any purpose. (Mitchell *v.* Runkle, 25 Tex. Supp., 136; Able *v.* Bloomfield, 6 Tex., 263.) Jurisdiction of the person will often be presumed in order to sustain the judgment of courts, but jurisdiction of the subject-matter must appear; and therein usually lies the distinction between judgments void and voidable; and if the tribunal has no jurisdiction over the subject-matter, no averment can supply the defect. (Freem. on Judg., secs. 120, 117.)

The judgment ordering the sale of the homestead being without the jurisdiction of the court, and void, it follows that the officer was not only protected in refusing to carry it into execution, but it was his duty to refuse. (Freem. on Ex., sec. 16, notes 20, 73, 100, 101.)

II. But it is insisted that the court acquired jurisdiction by appellee setting up and claiming the lien of the purchase-money. The statement in the amended petition, claiming to be subrogated to the vendor's lien, falls very far short of the doctrine announced in Flanagan *v.* Cushman, 48 Tex., 241; Jackson *v.* Hill, 39 Tex., 496; Malone *v.* Kaufman, 38 Tex., 457; Paschal's Dig., 5696, 5700.

III. The fact of the property in question, or 200 acres thereof, being the homestead of the intestate at his death, and the fact that there were minor children of said intestate, and the

further fact that the estate of said intestate was insolvent, abundantly appear throughout the record; and as such homestead, it was not the subject of foreclosure under the mortgage to McNatt. (Paul v. Robertson, 16 Tex., 472; Buchanan v. Monroe, 22 Tex., 537; McLane v. Paschal, 47 Tex., 465.)

The affirmative order of the court, rendered July, 1877, ascertaining the homestead, and striking it from the inventory, was a proper and valid order, and the only order in respect to the homestead that the court could make. In the making of that order, the court ascertained the limits of its own jurisdiction; any act beyond was absolutely void, as being prohibited by law.

*C. C. & C. L. Potter,* for appellee, cited and discussed Withers v. Patterson, 27 Tex., 494; Leaverton v. Leaverton, 40 Tex., 218; Freeman on Judg., sec. 319; White v. Shepperd, 16 Tex., 172; Flanagan v. Cushman, 48 Tex., 241.

GOULD, ASSOCIATE JUSTICE.—This is an "administration case," within the meaning of rule 59, and, as such, it has, on motion, received precedence on the docket.

The County Court of Cooke county, at its November Term, 1877, on the application of appellee, and after due notice, removed G. C. Wright from the administration of the estate of J. G. Martin, deceased, for failing to sell 300 acres of land, as ordered by the court. From this order of removal the administrator appealed to the District Court, and that court having affirmed the judgment of the County Court, the case has been regularly appealed to this court. There is no assignment of errors in the record; and unless there is found apparent in the record some ground of error so fundamental that the court will act upon it without an assignment of errors, this court will consider all other issues as waived. On looking into the record, we see no good reason for holding that the court committed such fundamental error in removing the administrator. The application for the removal, and the order

itself, were made in conformity with section 27 of the act of 1876, regulating proceedings in the County Courts pertaining to the estates of deceased persons, and the main ground on which the application was resisted was the alleged nullity of the order of sale which the administrator had failed to obey. The facts, in so far as they are material to the understanding of the questions passed upon, are: That McNatt, holding a note on Martin, secured by mortgage on 300 acres of land, including the homestead, which note had been established as a claim against Martin's estate, applied to the County Court for the enforcement of his mortgage, stating facts by reason of which he claimed that his lien bound the homestead. The minor children of deceased come, by attorney, (not by guardian or next friend,) into court, resisting the application, on the ground that 200 acres of the land was the homestead of deceased, and ask that this 200 acres be stricken from the inventory and set aside to them as their homestead, and in this application they are ultimately joined by the administrator. The County Court, however, at its January Term, 1877, granted the application of McNatt, and ordered the sale of the 300 acres to satisfy his mortgage. The record shows that the administrator gave notice of appeal from this order, but does not show that this appeal was prosecuted.

On July 16, 1877, the County Court granted the application of the minors and the administrator to set aside 200 acres out of the 300-acre tract as a homestead, and directed the designated 200 acres to be stricken from the inventory. In August, 1877, McNatt applied for a renewal of his order of sale, stating that the administrator appealed from the former order, so that the day fixed passed without sale, but that his appeal was dismissed. Wright, the administrator, resisted this order, on the ground that 200 acres of the land was the homestead, and had been set aside as such, and dropped from the inventory. The County Court, however, renewed and reformed the order of sale, fixing the time of sale, and directing the sale of the land, or so much as might be necessary to

satisfy McNatt's claim, in such quantities as the administrator deemed best.   The record again shows notice of appeal from this order by the administrator.   Next comes the application of McNatt for the removal of the administrator, because of his failure to sell as thus ordered.   The administrator appeared and resisted his removal, claiming that he had appealed from this order to sell, and setting up the nullity of the order.   In November, 1877, the court made an order reciting that the administrator had given no appeal bond in the matter of the last order to sell, and removing him from the administration for the reasons alleged in the application therefor.   From this order, as already stated, appeal has been regularly prosecuted (bond being given in each court) to the District Court, and thence to this court.

The question is not as to the correctness of the former orders of the County Court, but as to this order of removal. It may be that if the administrator had properly prosecuted his appeal from the order of sale, that it would have been held invalid, in so far as it ordered the sale of land which had been set aside to the children as a homestead, and ordered to be dropped from the inventory.   And certainly we do not intend to affirm the validity of that order of sale as to the homestead, and as against the children of Martin.   The claim that these children were parties to the order, is not supported by the record.   Minors can only litigate by their guardians, general or special; or even if they can still appear by a next friend, they certainly cannot litigate in their own names, appearing by attorney.   Whether the County Court was a tribunal with jurisdiction to determine the question as to whether the mortgage bound the homestead in the hands of Martin's children, it is not necessary to decide.   However that may be, we are of opinion that the administrator was not justified in treating the order of sale as a nullity.   If dissatisfied therewith, he should have prosecuted his appeal and tested its validity.   It was not for him to disobey the order of the court because the order may have gone too far.   As

to 100 acres of the land, the order was certainly not a nullity. As to the other 200 acres, it may be that the sale would have passed to the purchaser no valid title as against the children of Martin. But we are not prepared to hold that the entire order was, as to the administrator, absolutely void, so that he was justified in disregarding it.

We intimate no opinion as to whether McNatt stated a case which entitled him to have the homestead subjected to his mortgage, and, indeed, have not deemed it necessary to state the facts on which that claim was based. That question can-not be properly determined in a case to which the children claiming the homestead are not parties.

We do not discover from the record that the court commit-ted manifest and fundamental error in removing the admin-istrator, and the judgment is accordingly affirmed.

AFFIRMED.