## No. 2357.

### HENRY KREMER ET AL *v.* C. R. HAYNIE.

1. JURISDICTION.—Minors, who were sought to be made defendants in a suit, who resided beyond the limits of the county in which the suit was pending, were served with copies of the writ only, and not with copies of the petition. *Held*, that the jurisdiction of the court did not attach by service of process, and it had no power to appoint for the defendants thus served a guardian ad litem.

2. PARTITION.—When, in a suit for partition of land, the interest of the plaintiff is set aside to him by metes and bounds, and the interests of several defendants are set aside to them in one tract, partitioned to them in common on a report of commissioners that it is incapable of fair division, it is error for the court to order the sale of the tract of land thus set aside to several defendants in the absence of an application from them asking it.

ERROR from Austin. Tried below before the Hon. H. Teichmueller.

*Chesley & Haggarty*, for plaintiffs in error.

*M. M. Kenney*, for defendant in error.

WILLIE, CHIEF JUSTICE. This was a suit by Haynie against Henry Kremer and a number of other persons for the partition among plaintiff and defendants of a tract of six hundred and

ninety-five acres of land in Austin county. The defendants did not appear, and a guardian ad litem was appointed to represent such of them as were minors. Three-fourths of the land was decreed to the plaintiff, and one-fourth to the defendants, to be divided among them in different proportions. Commissioners were appointed to partition the land in accordance with the decree, and they reported setting apart to the plaintiff three-fourths of the land by metes and bounds, and the other one-fourth to the defendants. They also reported that this last tract was incapable of a fair sub-division, and recommended that it be sold and the proceeds divided among the defendants to whom it had been set apart. The court accordingly decreed to the plaintiff the three-fourths set apart to him by the commissioners and ordered the one-fourth to be sold. It was sold for seventy-five dollars. All of this sum except six dollars and twenty-five cents was used in paying costs incurred by the defendants, and the six dollars and twenty-five cents ordered to be divided among them.

From this decree the defendants have sued out a writ of error. The errors assigned relate principally to the want of service upon the defendants, and the want of authority in the court to order the sale of the defendants' one-fourth of the land for the purpose of partition. Without entering into a discussion of all the objections to the service made upon the defendants, it is sufficient that three of them residing outside of the county where the suit was pending were not served with a copy of the petition as required by the statute. The citation directed service to be made by delivering a copy of the petition as well as of the writ, but the officer making the service delivered to each of the three defendants alluded to a copy of the writ only. Two of these defendants, viz., Frank and Eugene Evans, are alleged in the petition to have been minors, and a guardian ad litem was appointed for them by the court, who answered and represented them in the cause. But the court had no authority to appoint a guardian ad litem for minors over whom the court had not acquired jurisdiction by service of process. (Wheeler v. Ahrenbeck, 54 Texas, 535.)

A guardian appointed under such circumstances could not bind the minors by any decree rendered in the cause. The decree was of no more validity than if no guardian at all had been appointed for the minors. For want of service upon the parties mentioned, the judgment will have to be reversed. The reversal

as to a portion of the defendants necessarily reverses the judgment as to all, especially as this is a partition suit, where no decree can be rendered unless all parties having an interest in the decree to be rendered are brought into court. (De La Vega v. League, 64 Texas, 205; Ship Channel Company v. Bruley, 45 Texas, 8.)

As Doctor Koester is one of the defendants upon whom no copy of the petition was served, and as new service must be had upon him, it will not be necessary to consider the question as to whether the former citation to him was defective on other grounds. It is not probable that the petition or citation will in future fail to conform to each other in giving his christian name.

Upon another trial, should the commissioners set apart to the plaintiff his portion of the land by metes and bounds, and the balance to the defendants jointly, as they did upon the former trial, it will not be proper for the court, over the objections of defendants, to order the sale of their portion of defendants' land in order to make partition amongst them, though the commissioners should so recommend. It may be more convenient and suitable to the defendants to hold their share in common; and as the plaintiff has accomplished the object of his suit in having his share severed from that of his co-tenants, it would be improper to force upon the only parties left to be affected by the decree as to the balance of the land a judgment which they do not ask, and against which they all protest.

The appellee calls our attention to the fact that the writ of error was not sued out until after the lapse of two years from the date of the decree which fixed the rights of the parties in the land, and ordered the commissioners to be appointed. It is a sufficient answer to this, without sustaining the writ on other grounds, to say that the parties suing out the writ were minors during the entire progress of the cause in the district court, and the writ was sued out within less than two years after the proceedings were finally closed in that court. The statute allows minors two years after becoming of age within which to sue out a writ of error. (Rev. Stats., art. 1389.) On the face of the record there is nothing to show that the minor defendants attained their majority more than two years before the petition in error was filed, and the fact, if such it be, has not been brought to our attention in any other way.      *Reversed and remanded.*

Opinion delivered February 25, 1887.