GORMAN et al. v. CAMPBELL et ux.†

(Court of Civil Appeals of Texas. Feb. 8, 1911. On Motion for Rehearing, March 8, 1911.)

1. PARTITION (§ 77*)—ACTUAL PARTITION OF PORTIONABLE PROPERTY — NECESSITY OF SALE.

Rev. St. 1895, art. 3618, provides that in a partition suit the property shall be divided into as many shares as there are persons. Articles 3611 and 3621, as amended in 1905 by Gen. Laws, c. 68, provide that the court before entering a decree of partition shall determine whether the property, or any part thereof, is susceptible of partition, and, if it is so susceptible, a partition shall be decreed of the whole or of that part susceptible, and commissioners shall be appointed to make the partition, and, if the whole or a part of the property is not susceptible of partition, a sale shall be decreed. In an action for partition of a city lot, a portion of the lot was set apart to plaintiffs, who were husband and wife, but the court found that the balance of the property was not susceptible of partition and set it apart to the defendants, and accorded them the right of sale, if they so desired. *Held*, that the decree was correct and in conformity to the statute, and a defendant could not complain thereof, in the absence of a prayer in his pleading for a sale, and in the absence of a showing that the portion set apart to plaintiffs was not a fair allotment.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 211–223; Dec. Dig. § 77.*]

2. PARTITION (§ 77*)—DECREE—DETERMINATION OF SUSCEPTIBILITY OF PROPERTY TO PARTITION.

In an action for partition under Rev. St. 1895, arts. 3611 and 3621, as amended in 1905 by Gen. Laws, c. 68, providing that the court shall determine before entering a decree for partition whether the property, or any part thereof, is susceptible to partition, and, if so, then a partition shall be decreed of the whole or that part susceptible of partition, and commissioners shall be appointed to make the partition, and, if the whole or a part of the property is not susceptible of partition, a sale shall be decreed, a general finding by the court in its decree that a portion of the property allotted to the defendants was not susceptible of partition was sufficient, without a recital of the testimony upon which such finding was based.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 211–223; Dec. Dig. § 77.*]

3. APPEAL AND ERROR (§ 907*)—REVIEW—PRESUMPTION—EVIDENCE TO SUPPORT FINDING.

Where a decree in partition contained the requisite findings of fact, without a recital of the evidence on which such findings were based, it must be presumed on appeal that the finding was based on the testimony, where it is not claimed that there was, in fact, no testimony introduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2911; Dec. Dig. § 907.*]

4. APPEAL AND ERROR (§ 172*)—PRESENTATION OF QUESTIONS IN LOWER COURT—PROVISIONS OF DECREE.

In an action for partition in which the decree awarded the defendants a portion of the property in common, after finding that the same was not susceptible of partition, and accorded to the parties the right to a sale of such portion, if they so desired, and a defendant, neither in his pleading nor by request to the court, asked that such sale be ordered, he cannot object to such decree on appeal, on the ground that it did not contain an order of sale.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1074; Dec. Dig. § 172.*]

Appeal from District Court, Bexar County; A. W. Seeligson, Judge.

Action by William Campbell and wife against Katherine Gorman and others. From the decree defendant Katherine Gorman appeals. Affirmed.

McKnight & Henry and Graham Dowdell, for appellant. Webb & Goeth, for appellees.

FLY, J. Appellees sued appellant and Mark O. Fisher and wife, Margaret Fisher, for partition of a certain parcel of land at the northwest corner of Travis street and Avenue D, described as facing 26 varas on the street first named and 28⅛ varas along the west side of Avenue D, running back 42½ varas to an alley, and having about 53 varas frontage on the alley. The cause was tried by the court without a jury, and judgment rendered that the property was susceptible of partition as between Campbell and wife and Fisher and wife and appellant, and that the interests of the latter were incapable of partition, and commissioners were appointed to make the partition of the land into two parts of equal value, allotting one part to Campbell and wife and the other to the defendants in the lower court. It is provided in the decree that, if the defendants, or either of them, desired to have their part of the land sold, a sale was ordered and a special receiver was appointed to carry out their wishes.

It is provided in an amendment to articles 3611 and 3621 of the Revised Statutes of 1895, enacted in 1905 (page 95, Gen. Laws), that the court shall determine before entering the decree of partition whether the property, or any part thereof, is susceptible of partition, and, if so, then a partition shall be decreed of the whole or that part susceptible of partition, and appoint commissioners to make the partition; and if the whole or a part of the property is not susceptible of partition, a sale shall be decreed. The object of the amendment seems to be to allow a partition of a part of the property and to place the duty on the judge of ascertaining whether the land is susceptible of partition in the first instance, instead of leaving that fact to be ascertained by the commissioners of partition and reporting it to the court for its decision, as was done under the old law. This is the only change in the old statutes relating to partition.

In the petition for partition appellees prayed that their one-half of the property be set apart to them, and neither of the defendants asked for a partition of their one-half interest, but the court held it incapable of partition and gave either of them the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

135 S.W.—12　　　† Writ of error denied by Supreme Court April 12, 1911.

right to a sale, if it was desired. That action of the court is not objected to as being unfair or inequitable, the only objections urged being that it was not in accord with the amendment of 1905, as will more fully appear from the consideration hereinafter of the assignments of error.

In article 3618, which is unaffected by the amendment of 1905, it is provided that the property shall be divided into as many shares as there are persons; yet it has often been the case that estates have been divided so as to give several persons jointly an undivided part of the property, and the power to do this has never been questioned. In the case of Kremer v. Haynie, 67 Tex. 450, 3 S. W. 676, it was held: "Upon another trial, should the commissioners set apart to the plaintiff his portion of the land by metes and bounds, and the balance to the defendants jointly, as they did upon the former trial, it will not be proper for the court, over the objections of defendants, to order the sale of their portion of defendants' land in order to make partition amongst them, though the commissioners should so recommend. It may be more convenient and suitable to the defendants to hold their share in common; and as the plaintiff has accomplished the object of his suit in having his share severed from that of his cotenants, it would be improper to force upon the only parties left to be affected by the decree as to the balance of the land a judgment which they do not ask, and against which they all protest." That decision sustains that part of the decree which gives one half of the property to appellees, Campbell and wife, and would sustain a complaint against the sale of the other half allotted to appellant and her codefendants, if, as is stated in the first assignment of error, there had been any positive order of sale as to their part. They sought no partition of their interest, and the court held that, while the land could be divided into two equal parts, neither half was susceptible of division, and the sale was provided only in the event one of them desired it. The case of Kremer v. Haynie, herein cited, was cited in the case of Hensel v. Sturm, 25 S. W. 817, by this court, as sustaining the following proposition: "There is nothing to show that the part belonging to appellant could not be equitably set apart to him and the other sold. If that could have been done, appellant was entitled to the division." So in this case Campbell and wife were entitled to their half of the land, and no complaint is made in either of the three assignments of error copied into appellant's brief of their receiving one-half of the property. Fisher and wife offered no objection in the trial court to the decree and prosecuted no appeal to this court.

It is not claimed that there was no testimony tending to show that whatever half of the land, in value, might be allotted to the defendants in the lower court was not susceptible of partition, but the complaint is that there is the absence of such finding in the decree. It was not necessary for the court to set out in the decree the testimony upon which it rests, but the presumption will obtain that it is based upon the facts. The court, in terms, found that the part of the land allotted to the defendants was not susceptible of partition, and it is easy to understand that a parcel of city property might be capable of being cut in half, and yet if either half was divided it might destroy the value of each part. Having determined this fact, the court did not order a sale of that part, but left it with the defendants themselves to determine that matter. The decree is fair and just, and strictly in compliance with the law.

In the case of Glasscock v. Hughes, 55 Tex. 469, the court, in discussing the rights of a plaintiff in suits for partition, held: "He can obtain partition of his interest, though partition may not be made of the several interests of his cotenants. It is for the defendants, if they so wish, to set up their respective shares and have them allotted to them in severalty." Appellant did not claim any specific share of the land, and cannot, with any effect, complain that the decree gave her more than she asked for in her pleading.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant filed no answer in the trial court, except a general demurrer and general denial, not indicating in any manner what she desired at the hands of the court, and in this court it has not been intimated in any way that appellees got more of the land than they were entitled to, or that appellant was in any manner injured or prejudiced by the decree of the court. The entire object seems to have been to obtain a construction of the amendment of 1905 to the statute regulating partition. There is no pretense that the half of the land set apart to the defendants in the suit was not equal in value to the half set apart to appellees, nor that it was not in as eligible a position as the other half; but the simple contention is that the law of 1905 was not complied with, because the decree did not in terms say that appellant was entitled to one-fourth of the whole tract, instead of one-half of one-half of the tract, and that a peremptory sale of the land set apart to defendants was not ordered. The rules of pleading are the same now that they were when the case of Glasscock v. Hughes, 55 Tex. 469, was decided, and the amendment of 1905 does not attempt to relieve defendants in a partition suit from setting up their shares and asking that each one be allotted his share, if it is so desired.

The act of 1905 is amendatory of articles 3611 and 3621, Rev. St. The first article

directs that the court shall enter a decree directing the partition of real estate in accordance with the respective shares of the parties, specifying the share or interest, and shall appoint commissioners to make the partition. Article 3621 provides that, if the commissioners should be of opinion that a fair division cannot be made, they shall report the fact to the court together with their reasons, and, if the court should agree with the report, a sale of the property should be directed and the proceeds of the sale divided. Amended article 3611 provides that, the court shall determine before entering the decree of partition whether the property, or any part, is susceptible of partition and, when determined in the affirmative, a decree directing partition shall be entered, which decree is almost identical with that prescribed in old article 3611. The amendment to article 3621 provides that, in case the court is of opinion that a fair and equitable division cannot be had of the property or any part thereof, it shall order a sale of that part that cannot be divided and direct that the proceeds be divided. The amendment places the duty of determining whether real property is susceptible of partition, without having a report from commissioners, as was formerly done, and that is the only material change made by the amendment. And yet appellant contends that it has subverted all the rules established by the Supreme Court in regard to partition, and that no decision rendered prior to 1905 is authority on that subject. The authorities cited by this court have not been affected, as to the matters pertinent to this case, by the amendment of 1905. The case of Glasscock v. Hughes, 55 Tex. 461, is directly in point in this case, and it is approved in Maverick v. Burney, 88 Tex. 560, 32 S. W. 512.

What is stated in Kremer v. Haynie, 67 Tex. 450, 3 S. W. 676, is peculiarly applicable to a case like this, where a plaintiff seeks to have his part of a parcel of land set apart to him, and the defendants do not ask a partition of their part of the property. It not only authorizes a decree to plaintiffs to their part of the land, but a decree of the balance to the defendants jointly, but it holds that, in the absence of a request upon the part of the defendants, a sale of their part shall not be decreed. "It may be more convenient and suitable to the defendants to hold their share in common; and as the plaintiff has accomplished the object of his suit in having his share severed from that of his cotenants, it would be improper to force upon the only parties left to be affected by the decree as to the balance of the land a judgment which they do not ask, and against which they all protest." Appellees obtained what they sought —a severance of their half of the land from the whole; and if appellant wanted her part

severed from that of her codefendant, she ought to have prayed for it in the trial court.

Appellant, in her written argument, states: "It may be seriously doubted whether parties to a suit for partition were ever before required, over their protest, to hold their interests together and undivided." This case forms no exception to the rule invoked by appellant. The record fails to indicate that any such protest was made in the lower court by either of the defendants, and only one appealed; and it is clear that no such protest was contemplated when the appeal bond was filed because the only parties, the other defendants, who were interested in the partition of their half were not included in the appeal bond, and were brought into this court only by a new bond filed by the order of this court. No protest has to this time been made by Fisher and wife to the proceedings in the court below.

Appellant has no cause of complaint, because the decree did not order the sale of the part of the land set apart to her and her codefendant. If she wants a sale of the land, the decree gives it to her.

There is no merit whatever in the motion for rehearing, and it is overruled.