JAMES et al. v. JAMES et al.

(Court of Civil Appeals of Texas. San Antonio.
Feb. 18, 1914. Rehearing Denied
March 11, 1914.)

1. WILLS (§ 497*)—TIME ESTATE VESTS.

Under a will devising property to the children of testatrix's child, only the children in being or en ventre sa mere at the time of testatrix's death would take under the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086; Dec. Dig. § 497.*]

2. JUDGMENT (§ 704*)—CONCLUSIVENESS—ADVERSE PARTIES.

In view of the powers given to a next friend by Rev. St. 1911, arts. 2167 and 2168, permitting him to make compromises, etc., the rights of infant plaintiffs, represented by the same next friend in partition proceedings, could not be determined therein as between themselves; the next friend not having the right to determine their rights inter se, and admissions made by defendants not affecting plaintiffs' rights as between themselves.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1229; Dec. Dig. § 704.*]

3. PARTITION (§ 34*)—PROCEDURE.

Under the direct provisions of Rev. St. 1911, art. 6122, the procedure prescribed by statute for partition does not preclude partition being made in any other manner authorized by the rules of equity.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 88, 90; Dec. Dig. § 34.*]

4. PARTITION (§ 78*)—JOINT PARTITION.

It is the court's duty to set apart plaintiffs' interest to them jointly in partition proceedings if they desire it.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 265–273; Dec. Dig. § 78.*]

Appeal from District Court, Bexar County; R. H. Ward, Judge.

Action by Evelyn James and another against Hugh S. James and others. From a judgment for defendants, plaintiffs appeal. Reformed and affirmed.

John Sehorn and Engelking & James, all of San Antonio, for appellants.

MOURSUND, J. Annie James died testate on February 27, 1901. Her will contained the following clause: "I desire that all my property of every kind be divided in equal shares to my children excepting Scott H. James, his share to go to his children—he receiving nothing." At the time Annie James died, her son, Scott H. James, had four children, viz., Evelyn, Hugh S., Alfred H., and Edgar Y., but thereafter three others were born, Mary Josephine, born June 9, 1901; Ralph Y., born July 6, 1904; and Fannie Belle, born in 1907. On June 6, 1905, in a suit in the district court of Bexar county, Forty-Fifth district, entitled Evelyn James et al. v. John H. James et al., being a partition suit among the devisees of Annie James, deceased, the plaintiffs therein were Evelyn James, Hugh S. James, Alfred H. James, Edgar Y. James, Mary Josephine James, and Ralph Y. James, and the defendants were the other devisees named in the will of Annie James, and in said suit there

was set apart to the plaintiffs by the judgment of the court on June 6, 1905, the northern part of survey 49, Grantee A. Stafford, situated in Bexar county, containing 458 acres, more or less. On May 21, 1913, Evelyn James filed this suit against her brothers and sisters above named, and against Josephine Y. James as guardian of the persons and estates of all of them except Fannie Belle James, for the purpose of securing a construction of said will and determining her interest and the interests of her brothers and sisters in the land above described. The court appointed Josephine Y. James guardian ad litem of the minor, Fannie Belle James. Judgment was rendered that Fannie Belle James has no interest in the said land, and that same is owned by the other children of Scott H. James. Evelyn James and Fannie Belle James appealed.

[1] Evelyn James contends that Ralph Y. James is not entitled to any interest in said land because he was born long after the death of Annie James. Fannie Belle James contends that under the will of Annie James she is entitled to an interest in the land because she is one of the children of Scott H. James. The trial court correctly held that Ralph Y. and Fannie Belle James took no interest under the will. As no period was mentioned by the testatrix for the vesting of the devise to Scott H. James' children, the same vested at the death of the testatrix, and only the children in being at the time of her death were included in the devise to Scott H. James' children as a class, but a child en ventre sa mere is included among those in being, and therefore Mary Josephine James took under the will. Underhill on Wills, §§ 553 and 567; Thornton v. Zea, 22 Tex. Civ. App. 509, 55 S. W. 798.

[2] The court held that, while Ralph Y. James did not take under the will, he became entitled to an interest in the land by virtue of the judgment in the partition suit. It appears that said judgment vested the 458 acres in the plaintiffs in said suit, naming them. It does not appear that the interest of each plaintiff was determined as against the other plaintiffs, nor were the pleadings introduced to show whether or not the rights of the plaintiffs as between themselves were put in issue. It is certainly not to be presumed that such is the case; they being minors represented in the suit by the same next friend, who brought the suit in their behalf making them coplaintiffs. Their next friend has no right to determine their rights as between one another, nor can any admissions made by the defendants affect the plaintiffs' rights as between one another. The fact of their joining in a petition as coplaintiffs, when such act is done by a next friend, cannot constitute even an admission that all are entitled to share in the land. "Parties to a judgment are not bound by it in a subsequent controversy between each

other, unless they were adversary parties in the original cause of action." Freeman on Judgments, § 158. See, also, Van Fleet's Former Adjudication, p. 569; G., C. & S. F. Ry. v. G., H. & S. A. Ry., 83 Tex. 509, 18 S. W. 956; Sandoval v. Rosser, 26 S. W. 932. "This rule is subject to an exception when, in the cause of litigation, coplaintiffs or co-defendants do in fact, though not in form, occupy the attitude of adversaries." Comstock v. Keating, 115 Mo. App. 378, 91 S. W. 418; Koelsch v. Mixer, 52 Ohio St. 207, 39 N. E. 417. When that takes place, they come under the general rule with regard to conclusiveness of prior adjudications as laid down in the case of Moore v. Snowball, 98 Tex. 24, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596. Were this an ordinary case, it could be said without hesitation the plaintiffs were not and could not have been adversaries. Our statutes which permit the bringing of suits by persons as next friend of minors confer powers which cannot be consistently exercised by a person who undertakes to represent minors whose interests are adverse to each other. He cannot agree and compromise with himself, and the court would not permit minors to litigate with one another, all having the same next friend, but would promptly see that each of such minors was represented by a person who could and would look after the interests of such minor alone. See articles 2167 and 2168, Revised Statutes of 1911. Nor do we think that the fact that the judgment was rendered in a partition suit changes the rule.

[3, 4] True, article 6100 of our statutes provides that in partition suits brought under the statute the court shall determine: (1) The share or interest of each of the joint owners or claimants in the real estate sought to be divided; (2) all questions of law or equity affecting the title to such real estate, or any part thereof which may arise. But our courts need not follow the procedure prescribed by statute, and may partition in any other manner authorized by the rules of equity. Article 6122, Revised Statutes of 1911; Moore v. Blagge, 91 Tex. 162, 38 S. W. 979, 41 S. W. 465; Kalteyer v. Wipff, 92 Tex. 682, 52 S. W. 63; Gutheridge v. Gutheridge, 161 S. W. 895. It is frequently the case that, in partition suits, a group of litigants who are jointly entitled to a certain share of property do not wish a partition between themselves, but merely ask that they jointly be awarded a certain share. If denied such right, and compelled to partition as between themselves, the shares might be so small as to be practically valueless. If parties desire their interests to be set apart to them jointly, the court not only has the power, but it is a duty, to accede to their request. Kremer v. Haynie, 67 Tex. 450, 3 S. W. 676; Gorman v. Campbell, 135 S. W. 177. It has been held that a petition is sufficient which shows that the parties plaintiff and defendant are entitled to the entire estate, and that it need not allege the specific shares of the defendants. Glasscock v. Hughes, 55 Tex. 461; Maverick v. Burney, 88 Tex. 560, 32 S. W. 512.

We think it is clear that even in a partition suit such liberality of pleading is permitted and such power to enter judgments based upon and appropriate to the relief sought is held by the courts that no inference arises from the character of the suit that the pleadings required an investigation of the plaintiffs' rights against each other in said suit, or that the court in fact made such an investigation and determined such rights. No pleadings were introduced showing any issues made which would require such adjudication, and the decree gave them jointly a certain tract of land, without specifying what interest each acquired therein. In addition, as has already been shown, the parties were all minors represented by the same next friend, and therefore not so represented as to have their rights against one another properly determined. The facts in the case of Gurley v. Hanrick's Heirs, 139 S. W. 725–728, are very different from those in this case. In that case the two defendants in a partition suit filed separate answers, and under the prayer of one of them at least it became necessary for the court to determine his rights as against the other defendant, and in fact against all other parties to the suit.

We conclude that the decree in the partition suit was not an adjudication of the rights of the minors as against each other, and that Ralph Y. James cannot hold title to an interest in the land, hereinbefore mentioned, by virtue of said decree.

The judgment is therefore reversed, and judgment rendered that both Ralph Y. James and Fannie Belle James have no interest in said land, and that the title thereto be decreed to be in Evelyn James, Hugh S. James, Alfred H. James, Edgar Y. James, and Mary Josephine James.

Judgment reformed and affirmed.