## WRIGHT et al. v. JONES et al.

### No. 1340—5880.

Commission of Appeals of Texas, Section B.
July 19, 1932.

Lockhart, Garrard & Brown, of Lubbock, for plaintiffs in error.

John Hancock, of Fort Worth, Scott, Brelsford, McCarty & Brelsford, of Eastland, and J. W. Timmins, of Dallas, for defendants in error.

RYAN, J.

This suit was instituted on October 3, 1928, by Roy Lee Wright, Jack Wright, Margaret Wright, and Ruth Wright, minors, by their next friend, Annie Lee Wright, against the defendants in error, Charles H. Jones and others, in trespass to try title for the recovery of four sections of land in Gaines county.

By amended petition, filed on December 15, 1928, additional parties defendant were made, and plaintiffs' recovery sought for only an undivided one-half interest in said four sections of land and for the cancellation and removal as clouds on title of certain deeds and oil and gas leases.

The amended answer of defendants filed on November 18, 1929, contains general demurrer, general denial, and plea of not guilty. It also contains what is therein denominated as "Cross-Action," and on behalf of certain named defendants (to quote therefrom) "Becoming actors herein and by way of cross-action, come now (naming them) hereinafter called cross-plaintiffs, complaining of Roy Lee Wright, Jack Wright, Margaret Wright, Ruth Wright and Anna Lee Wright, hereinafter called cross-defendants, and for cause of action say" (here follow the customary allegations of a petition in trespass to try title, with prayer against the cross-defendants for the title and possession of the four sections of land in question, for costs of suit and all other and further relief to which they may be entitled).

No citation thereon or notice of the cross-action ever issued or was served upon the plaintiffs, and they filed no answer thereto.

The case was called for trial on January 27, 1930, when, as shown by the court's judgment, plaintiffs through their attorney of record made known to the court that they desired to take a nonsuit and to have their action dismissed, which motion was granted, and the suit of plaintiffs dismissed, whereupon defendants appeared and announced ready for trial upon their cross-action, and plaintiffs and their attorneys of record refused to further appear and answer and defend said cross-action; thereupon the court appointed a guardian ad litem for the minor cross-defendants; the guardian ad litem answered by general demurrer, general denial, and plea of not guilty, and, a jury having been impaneled, the court peremptorily instructed verdict for the cross-plaintiffs and rendered judgment accordingly.

This judgment was affirmed by the Court of Civil Appeals, except as to Anna Lee Wright, next friend of the minor plaintiffs, on the ground that she asserted no claim to the land in controversy, was not a party to the suit, and, if a judgment was desired against her, she should have been cited and brought regularly into court. The Court of Civil Appeals held, as to her, there was and could be no constructive notice of the filing of such cross-action as in the case of the minors, and reversed the trial court's judgment against her and rendered judgment in her favor. 33 S.W.(2d) 292. Afterwards, on rehearing, the cause as to Anna Lee Wright was remanded on the ground that she was joined as a codefendant with her children in the cross-action, and affirmed as to the other cross-defendants.

The Court of Civil Appeals state: "It is conceded that there was no citation or notice issued and served upon the plaintiffs notifying them of the filing of defendants' cross-action against them; the only service relied on being the constructive service by the appearance of plaintiffs' attorney after the filing of said cross-action."

The trial court found in its judgment that "the cause was regularly set for trial at the preceeding term of court for November 18, 1929, when the attorney of record for the plaintiffs below appeared in open court and moved the court to continue the cause for the term and reset same at the present term for some Monday morning and as the first case, which motion was granted and the case

set for trial for Monday, January 27, 1930, as the first case for said date. That at the time said motion for continuance and special setting was made, defendants had theretofore filed the answer and cross-action in trespass to try title hereinabove mentioned, all of which attorneys for plaintiffs had actual as well as constructive notice."

The only service relied on was the constructive service by the appearance of plaintiffs' attorney after the filing of said cross-action, which was sought to be established by the testimony of one of the attorneys for the defendants, who testified upon the trial: "I am one of the attorneys for the defendants. I was present at the last term of this court when this case was called for trial. Mr. Tom Garrard was present at that time. * * On motion of Mr. Garrard, the case was continued on account of the fact that Mrs. Wright lived in New Mexico. The case was set for the week following some four or five other cases. The weather was rather bad and he moved the court to continue the case in the absence of his client and he and I requested the court to set the case for some day certain of the present term of court, on a Monday, the first case for the week, in order that he might have his client present. That occurred after we had filed the cross-action and taken the deposition that has been introduced in evidence. * * * I want to state that that motion of his and our agreement there of the case to be set for some Monday morning, the first case of this term, was made after the answer, the first amended answer and cross-action was filed by the defendants appearing here today, which was filed on November 18th, 1929. These motions and all were made after this pleading was filed. The plaintiffs took a jury in this case."

The jury fee of $5 was paid by plaintiffs' attorneys on November 18, 1929.

It is the contention of the plaintiffs in error that they, being minors, could not be charged with constructive notice of the filing of the cross-action of the defendants against them, and, there having been no citation or other character of notice served upon them or either of them, the court was without authority to appoint a guardian ad litem to represent such minors, after their suit has been dismissed, and to proceed to trial of the cross-action against them, and was without jurisdiction to render judgment against them for the title and possession of the land in controversy.

On the other hand, defendants in error contend that the appearance of the attorney representing the next friend, in applying for a continuance after the defendants' cross-action for affirmative relief was on file, was a general appearance for all purposes and obviated the necessity of citation to the minors, on said cross-action.

Under article 1994, Rev. Stat. 1925, minors who have no legal guardian may sue and be represented by "next friend" who shall have the same rights (with certain exceptions which do not affect this controversy) concerning such suits as guardians have, but the bringing of such a suit by next friend in no way changes the status of the minor. As said by Chief Justice Pleasants of the Galveston Court of Civil Appeals, in Galveston, H. & S. A. Ry. Co. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 538, 540: "The disabilities of a minor are not removed nor suspended by the bringing of such suit, as the minor is not, under said statute, relieved of any of his disabilities and can himself assert no right in the institution, conduct or disposition of such suit. The statute does say that a minor who has no legal guardian may bring suit in any court in this state by his next friend; but notwithstanding this language the right to act in bringing the suit is conferred on the next friend, and not on the minor, and the effect and intention of the statute is that the next friend * * * may bring suit * * * for the use and benefit of such minor."

In Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172, 173, the facts were, certain plaintiffs, including a person of unsound mind, suing by next friend, filed suit in trespass to try title against Schlinke to recover certain tracts of land. Schlinke answered and, by special plea in the nature of a cross-bill, set up title in himself, alleged that the claim asserted by plaintiffs constituted a cloud upon his title, and prayed that the cloud be removed. The plaintiffs in the case were not served on the cross-bill nor did either of them appear in person or by attorney. Judgment was entered that plaintiffs take nothing by their suit and that plaintiffs' claim be removed as a cloud upon defendant's title. The question presented was, Did the court have jurisdiction of the plaintiffs to render judgment against them upon the cross-bill filed by the defendant Schlinke, there being no service upon the plaintiffs, they not having appeared in the case after the cross-bill was filed?

"It is well settled in this state," said Judge Brown in that case, "that a plea in reconvention or cross bill occupies the same attitude as an independent suit, so that the discontinuance of the main suit will not affect the reconvention or cross bill. The defendant in the main suit is plaintiff in the cross bill, and the plaintiffs in the main suit, against whom the cross bill is filed occupy the position of defendants with reference to that pleading. * * * If the plaintiffs * * * had appeared on the day of trial, they might, over the protest of the defendant, have dismissed the original suit, leaving the cross bill pending as a suit in favor of defendant against the plaintiffs. * * *

"By the petition in the original suit the

plaintiffs called the defendant into court to answer a charge of trespass upon their lands and eviction of them from the possession of it, and asked the court for a judgment establishing the plaintiffs' title thereto, and a restoration of the possession. The plaintiffs were bound to take notice of all pleadings and procedure in answer to the charges made in the original petition, but how can it be said that the plaintiffs were also required to take cognizance of an independent claim which might be asserted in that suit as a matter of convenience? A defendant, being served or having appeared, is required to take notice of all amendments to the petition relating to the original cause of action; but is not charged with notice of an amendment setting up a new cause of action. Morrison v. Walker, 22 Tex. 19. The principle applies with equal force in favor of the plaintiff as to the cross bill which sets up new matter not embraced in defensive pleading.

"The cross bill, as an independent action, was as fully under the control of the defendant as was the original suit subject to the will of the plaintiffs, and it follows logically that the same means should have been used to call upon the defendants to the cross bill to answer its charges as were required by law to compel the defendant in the original suit to appear and plead to that complaint. This rule prevails in all the courts where the procedure is not regulated by statute. 5 Enc. Pl. & Prac. 658; 2 Daniell, Ch. Pl. & Prac. 975; Lowenstein v. Glidewell, Fed. Cas. No. 8,575, 5 Dill. 325; Thomason v. Neeley, 50 Miss. 314; Ballance v. Underhill, 3 Scam. [Ill.] 462; Ward v. Davidson, 2 J. J. Marsh. [Ky.] 443; Garner v. Beaty, 7 J. J. Marsh. [Ky.] 229; Hudspeth v. Thomason, 46 Ala. 470; Washington Railroad v. Bradley, 10 Wall. 302, 19 L. Ed. 894. * * *

"We conclude that it was error for the court to enter judgment upon the cross bill in this case in favor of the defendant, Schlinke, without service upon or appearance by the plaintiffs, and that the court of civil appeals [62 S. W. 72] erred in affirming that judgment." To the same effect is Field v. O'Connor (Tex. Civ. App.) 80 S. W. 872.

In Early v. Cornelius, 39 S.W.(2d) 6, 8, we said, with the approval of the Supreme Court:

"In Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136, the rule as to defendants is stated to be, having entered his appearance in the main case, a defendant is before the court for all purposes and judgment may be rendered against him on a codefendant's cross-action without the necessity of citation. As to plaintiffs, the rule is stated in Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172, to be that a plaintiff by the filing of his suit does not so invoke the jurisdiction of the court to litigate the subject-matter of a cross-action as to dispense with the necessity of service, acceptance, or waiver of process or of a further appearance after the filing of the cross-action.

"Although the plaintiff is charged with notice of all pleadings filed in defense of his suit, he is entitled to notice of interventions and cross-actions affirmatively setting up causes of action against him, and judgments rendered against him upon such interventions and cross-actions, in the absence of notice, waiver, or appearance, will be set aside. Boyce v. Concho Cattle Co. (Tex. Civ. App.) 70 S. W. 356; Field v. O'Connor (Tex. Civ. App.) 80 S. W. 872; Bryson v. Boyce, 41 Tex. Civ. App. 415, 92 S. W. 820; Smith v. Carr (Tex. Civ. App.) 173 S. W. 602; Commercial Credit Co. v. Wilson (Tex. Civ. App.) 219 S. W. 298; McGowan v. Lowry (Tex. Civ. App.) 230 S. W. 465 (writ refused); Security State Bank v. Merritt (Tex. Civ. App.) 237 S. W. 990; Southern Equipment Co. v. Hallman (Tex. Civ. App.) 10 S.W.(2d) 261."

We are cited to Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882, by the Fort Worth Court of Civil Appeals, as sustaining the proposition that the act authorizing suits by next friend placed the minors upon the same footing with other litigants and removed from consideration any question of their nonage.

That was a suit for the recovery of land in which two judgments formed links in the chains of title. One judgment recited that plaintiffs "appeared by attorneys," and the other recited that "all parties appeared by attorneys"; the validity of the judgments was questioned, but only collaterally, and as matters of evidence; the suit was not a direct attack on any judgment as is the case here.

But, as we have seen, the dictum that the act authorizing suits by next friend removes from consideration the question of infancy is in direct conflict with the holding in Galveston, H. & S. A. Ry. Co. v. Washington, supra, and with the authorities hereinafter cited.

■ It is true that under the statute an appearance may be entered by a defendant without process being served, either by written memorandum signed by him, or by his duly authorized agent or attorney, filed among the papers of the cause (Rev. Stat. 1925, art. 2045), by the filing of an answer (article 2047), a motion to quash citation (article 2048), or an entry of appearance in open court to be noted by the judge and entered in the minutes (article 2046), but this applies only to persons sui juris. A person non sui juris, such as a minor, cannot appear and thereby confer jurisdiction of the court over him. 4 Tex. Jur. pp. 620, 621; 2 R. C. L. 324. An infant can neither acknowledge nor waive the regular service of process upon him. 14 R. C. L. 284. In Wright v. McNatt, 49 Tex.

425, it was held, under the law then in force, that minors can only litigate by their guardians, general or special, and, even if appearing by next friend, they cannot litigate in their own names, appearing by attorney. In Russell v. Railway Co., 68 Tex. 646, 5 S. W. 686, the court held that the agreement of an attorney assuming to act for minor defendants, that they will answer, does not operate as an appearance for them.

■ It is also true that consenting to a continuance or postponement of a case may constitute an appearance of the party so consenting (4 Tex. Jur. p. 628), but a minor, not being sui juris, cannot so consent and be bound thereby. He appears in court as plaintiff by next friend and as defendant by guardian ad litem. Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567; 22 Cyc. 638, 653, 673.

■ In the present case the minors are defendants as to the cross-action. Under article 2159, Rev. Stat. 1925, when a minor may be a defendant to a suit and has no guardian within the state, the court must appoint a guardian ad litem for such minor for the purpose of defending the suit, but no such appointment can be made until after the minor has been regularly served with process. City of Dallas v. Crawford (Tex. Civ. App.) 222 S. W. 305; Maury v. Keller (Tex. Civ. App.) 53 S. W. 59; Tutt's Heirs v. Morgan, 18 Tex. Civ. App. 627, 42 S. W. 578, 46 S. W. 122; Moore v. Prince, 5 Tex. Civ. App. 352, 23 S. W. 1113.

In Sprague v. Haines, 68 Tex. 215, 4 S. W. 371, 373, Judge Gaines said: "The service of process upon the minors is essential in order to confer jurisdiction upon the court, and to authorize the appointment of a guardian ad litem. The record upon appeal should show that they have been duly served."

In Kremer v. Haynie, 67 Tex. 450, 3 S. W. 676, 677, Chief Justice Willie announced: "Two of these defendants * * * are * * * minors, and a guardian ad litem was appointed for them by the court, who answered and represented them in the cause. But the court had no authority to appoint a guardian ad litem for minors on whom the court had not acquired jurisdiction by service of process. Wheeler v. Ahrenbeak, 54 Tex. 535. A guardian appointed under such circumstances could not bind the minor by any decree rendered in the cause. The decree was of no more validity than if no guardian at all had been appointed for the minors. For want of service upon the parties mentioned, the judgment will have to be reversed."

A guardian ad litem or next friend is recognized only for certain specific purposes; his powers are limited to matters connected with the suit in which he is appointed (22 Cyc. 661) and do not include the right to appear either actually or constructively in answer to a cross-action in which the minor becomes defendant, but is not served with process. The guardian ad litem or next friend can make no concessions, nor can he waive or admit away any substantial rights of the infant or consent to anything which may be prejudicial to him. Moore v. Prince, 5 Tex. Civ. App. 352, 23 S. W. 1113; Rankin v. Schofield, 70 Ark. 83, 66 S. W. 197; 22 Cyc. 663.

■ When an infant is made a party to an action, he must be served with process. 1 A. L. R. 922, 936; 89 Am. Dec. 186, note 3. He cannot waive service like an adult and cannot authorize some one else to do so for him. In Bradford v. Knowles, 78 Tex. 109, 14 S. W. 307, it was expressly held by our Supreme Court that admissions made in pleadings of an infant appearing by next friend and signed by attorneys, in other suits, are not admissible against such parties—this, because such admissions would do in effect what they could not do by deed and would practically dispense with all the limitations and protections the law has imposed upon the capacity of infants to act.

As pertinently said by the Missouri Court of Appeals in Fink v. Kansas City Southern Ry. Co., 161 Mo. App. 314, 143 S. W. 568, 569, 571: "The general rule is established, almost without exception, that the representative of an infant, whether guardian or attorney, has no power to bind the infant by admissions in his pleadings, and thereby prejudice his interests. Ralston v. Lahee, 8 Iowa, 17, 74 Am. Dec. 291; Lloyd v. Kirkwood, 112 Ill. 329; Tucker v. Bean, 65 Me. 352; Collins v. Trotter, 81 Mo. 275; White v. Joyce, 158 U. S. 128, 146, 15 S. Ct. 788, 39 L. Ed. 921; Knights Templars' & M. L. I. Co. v. Crayton, 209 Ill. 550, 70 N. E. 1066, 1071; 1 Ency. Ev. 460. An infant is incapable of making an admission which can affect his rights; and, a fortiori, the admissions of another person cannot affect an infant's rights. 22 Cyc. 516."

■ It necessarily follows that, if the infant is incapable of making an admission which can affect his rights, he cannot be so bound by the attorney of his next friend appearing solely for the purpose of obtaining a postponement of trial because of the absence, at the time, from the state, of the next friend herself.

In Gersdorff v. Torres (Tex. Com. App.) 293 S. W. 560, 562, validity of the husband's conveyance of a homestead was involved. The wife, allegedly insane, did not join therein. Gersdorff, the vendee, filed suit against the wife for recovery of the property; she was regularly served with citation and a guardian ad litem appointed. Gersdorff recovered, and on October 31, 1925, the guardian ad litem filed a formal motion for new trial. On December 3, 1925, the wife, through

attorneys of her own selection, filed her amended motion for new trial, with leave of the court, in which she assailed the judgment rendered against her as contrary to the evidence and set up that she was sane when her husband executed the deed to Gersdorff and that she was sane at the time of presenting the amended motion for new trial.

The pivotal point in the case was whether or not the wife was sane or insane when the deed (not joined in by her) was executed. The case turned upon that question. Presiding Judge Harvey, of the Commission of Appeals, held that since the law presumes every person to be sane until the contrary is proved, the burden of proving the wife's insanity at the time the deed was executed was on Gersdorff.

The record contained no evidence (except certain admissions of the parties, including the guardian ad litem, made upon the trial and entered in the statement of facts) of the wife's insanity or that she had theretofore been adjudged insane by the county court.

The admissions referred to were that the wife had been legally adjudged to be insane on a named date previous to the husband's deed to Gersdorff, that she had been confined in the asylum, and is still confined in one of the state's insane asylums, and it was upon these admissions that the trial court rendered judgment against the wife.

Judge Harvey said: "A guardian ad litem is wholly without authority to bind his ward by an admission of any fact which is necessary to sustain a recovery against the ward. Such an admission by him has no probative force or evidentiary effect, and cannot form the basis for a recovery against his ward. 32 C. J. 777; 31 C. J. 1143; 14 R. C. L. 291; Knight v. Waggoner (Tex. Civ. App.) 214 S. W. 692; White v. Joyce, 158 U. S. 128, 15 S. Ct. 788, 39 L. Ed. 921."

The Court of Civil Appeals said, in the same case, 287 S. W. 668, 669: "To sustain such admissions would render farcical the appointment of guardians ad litem in courts of justice. As said by this court in Madero v. Calzado, 281 S. W. 328: 'In suits of this character, nothing can be admitted against the interest of the absent defendant and the one chosen to represent that interest in a case stands in court to insist that no pleading shall go unchallenged, no step shall be taken, no act done, no evidence produced, which shall in any manner be legitimately the subject of an objection or exception.' Such guardian ad litem is appointed to assist the court in protecting the rights of the ward and not to lessen the labors or give material aid to the plaintiff in the case. Admissions in such cases by the guardian ad litem against the interests of the ward will

be disregarded, and no judgment based on such admissions will be sustained."

The same rule applies in the present case; no more than a guardian ad litem may a next friend bind an infant by the admission of any fact necessary to sustain a recovery against the infant, and certainly, if he cannot bind the infant by formal admission, his attorney cannot bind the infant merely by seeking a postponement of the trial because the next friend happened at the time to be out of the state, and by such action waive the issuance and service of citation on the infant.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.