Frank H. MANSFIELD et al., Appellants,

v.

Laura DAVENPORT et vir, Appellees.

No. 14002.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1962.

Rehearing Denied Dec. 19, 1962.

Glendon Roberts, Bandera, Mueller & Criss, Austin, for appellants.

Robert I. Wilson, Kerrville, for appellees.

POPE, Justice.

■■ This is a partition suit. Laura Mansfield Davenport, joined by her husband, sued her seven brothers and sisters for a partition of the Mansfield Ranch in Bandera County. The trial court granted the prayer for her partition, but also ordered all eight shares partitioned. The seven defendants have appealed, contending that they should not be compelled to divide their shares when they desire to keep them together. The Davenports do not resist this contention. They urge only that the appeal is premature, this being merely the first order in the partition suit.

We overrule the contention that the appeal is premature. The court, acting upon stipulated facts, made the essential findings and then gave directions concerning the manner of partition. It ordered that the partition be "by lot in accordance with the statute." By its first order or judgment in a partition suit, a court may properly give such directions as may be necessary and appropriate. Rule 766, Texas Rules Civil Procedure; White v. Mitchell, 60 Tex. 164; Marmion v. Wells, Tex.Civ.App., 246 S.W.2d 704.

■ When plaintiffs obtained a judgment for the partition of their equal one-eighth share of the ranch, they won their lawsuit. The stipulations entered into upon the day of the trial show that all other estate matters were amicably determined, that the ranch was capable of partition in kind, and that each heir owned an equal undivided one-eighth interest in the ranch. Two of the defendant heirs filed general denials, and the other five, by their pleadings, asked that the ranch be kept together except for plaintiffs' share. When the stipulations were made in open court, no one other than plaintiffs sought by pleadings or otherwise to have his share set over to him. On this appeal, plaintiffs have made no contention that all eight shares should be partitioned. When one party desires the partition and is entitled to it, and the other seven desire to keep their shares together, "the court not only has the power, but it is a duty, to accede to their request." James v. James, Tex.Civ. App., 164 S.W. 47.

Insofar as the judgment orders a partition in favor of the Davenports in kind, the judgment is affirmed. Insofar as it compels a partition in kind of the remaining seven shares, the judgment is reformed. The seven defendant heirs will be permitted to hold their shares jointly without partition. Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676; Glasscock v. Hughes, 55 Tex. 461, 469; Welch v. Brock, Tex.Civ.App., 195 S.W.2d 940; Gorman v. Campbell, Tex. Civ.App., 135 S.W. 177, 178. Costs are adjudged against appellees.

The judgment is affirmed as reformed.