523 S.W.2d 513 (1975)
In the Matter of M. W., Appellant.
No. 6428.
Court of Civil Appeals of Texas, El Paso.
March 19, 1975.
Rehearing Denied April 16, 1975.
Paul H. Dionne, Alex R. Gonzalez, Fort Stockton, for appellant.
Aubrey Edwards, Dist. Atty., Big Lake, for appellee.

OPINION
OSBORN, Justice.
This is an appeal from a proceeding in which the Juvenile Court waived its exclusive jurisdiction of a minor under Section 54.02 of the Texas Family Code, V.T.C.A., and transferred M. W. to the District Court for criminal proceedings. We reverse and dismiss the case.
The basic facts giving rise to this appeal are not in dispute. M. W. was born November, 15, 1956. In March, 1974, a petition was filed in the Juvenile Court alleging that said child was seventeen years old, and that on June 28, 1973, and June 29, 1973, when he was sixteen years old, he committed a felony by selling a narcotic drug. Citations directed to M. W. and to his parents, both show service by delivering the citations to Paul Dionne, an attorney. The attorney filed an answer for M. W. in March, 1974. About a week later the prosecuting attorney filed a motion requesting *514 the Juvenile Court to waive its jurisdiction and transfer the cause to the District Court in accordance with Section 54.02 of the Family Code. The motion contains a certificate of service by mailing the motion to the attorney of record for the child and his parents. The transcript contains a copy of a written notice of hearing signed by the District Clerk and reflecting copies to all parties and the attorneys, but it does not show that such notice was received by M. W. and there is no proof that it was sent by registered or certified mail, return receipt requested, as permitted by Section 53.07 of the Family Code for service of a summons. Following the granting of a motion for continuance filed by the attorney for the child, the motion requesting the Juvenile Court to waive its jurisdiction was heard on July 24, 1974, and the order granting said motion was entered on August 2, 1974.
The Appellant raises ten points of error, some of which involve procedural due process issues, and he also attacks the sufficiency of the evidence to support the transfer order. Since his last point of error controls the disposition we make of this case, the other points need not be decided. The tenth point asserts that the Juvenile Court lacked jurisdiction over M. W. because he was never personally served with citation or summons as required by law.
Chapter 53, Title 3, of the Texas Family Code controls the procedures applicable to a child prior to a judicial proceeding. Section 53.04 provides for the filing of the petition, Section 53.05 provides for the time set for a hearing, and Section 53.06 provides that the juvenile court shall direct issuance of a summons to the child named in the petition and his parents and the child's guardian ad litem, and Subsection (e) provides that any party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing.
Chapter 54, Title 3, of the Texas Family Code controls judicial proceedings, and Section 54.02 specifically deals with waiver of jurisdiction by the juvenile court and transfer to the district court. Section 54.02(b) requires compliance with the notice requirements of Section 53.06 and provides that the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.
As previously stated, the only citation or summons directed to M. W. was served upon his attorney and not upon the child as the Code requires. And that summons was issued after the petition was filed and before the motion to transfer was filed and did not state that the hearing was for the purpose of considering transfer to criminal court.
The Courts of this State have always recognized the necessity for personal service upon a minor. In Wheeler v. Ahrenbeak, 54 Tex. 535 (1881), the Court pointed out the necessity of complying with a statutory requirement for service upon a defendant and concluded that such right could not be waived by a minor even though "no injustice in fact was done by failure to serve the minor defendants personally with process."
In Wright v. Jones, 52 S.W.2d 247 (Tex.Comm'n App.1932, holding approved), the Court discussed the necessity for service of process upon a minor at considerable length and said:
"It is true that under the statute an appearance may be entered by a defendant without process being served, either by written memorandum signed by him, or by his duly authorized agent or attorney, filed among the papers of the cause (Rev.Stat.1925, art. 2045), by the filing of an answer (article 2047), a motion to quash citation (article 2048), or an entry of appearance in open court to be noted by the judge and entered in the minutes (article 2046), but this applies only to *515 persons sui juris. A person non sui juris, such as a minor, cannot appear and thereby confer jurisdiction of the court over him. 4 Tex.Jur. pp. 620, 621; 2 R.C.L. 324. An infant can neither acknowledge nor waive the regular service of process upon him. 14 R.C.L. 284. * * *
"* * *
"In Sprague v. Haines, 68 Tex. 215, 4 S.W. 371, 373, Judge Gaines said: `The service of process upon the minors is essential in order to confer jurisdiction upon the court, and to authorize the appointment of a guardian ad litem. The record upon appeal should show that they have been duly served.'
"In Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676, 677, Chief Justice Willie announced: `Two of these defendants * * * are * * * minors, and a guardian ad litem was appointed for them by the court, who answered and represented them in the cause. But the court had no authority to appoint a guardian ad litem for minors on whom the court had not acquired jurisdiction by service of process. Wheeler v. Ahrenbeak, 54 Tex. 535. A guardian appointed under such circumstances could not bind the minor by any decree rendered in the cause. The decree was of no more validity than if no guardian at all had been appointed for the minors. For want of service upon the parties mentioned, the judgment will have to be reversed.'
"* * *
"When an infant is made a party to an action, he must be served with process. 1 A.L.R. 922, 936; 89 Am.Dec. 186, note 3. He cannot waive service like an adult and cannot authorize some one else to do so for him. * * *."
Thus the fact that the attorney served with citation filed an answer for M. W. is of no consequence. Section 53.06 expressly excludes the child from the persons who can waive service of summons. This statutory requirement is nothing more than a codification of the long-standing requirement for personal service upon minors. One of the most recent pronouncements of the rule appears in Casanova v. State, 489 S.W.2d 727 (Tex.Civ.App.San Antonio 1972), where the Court said:
"The rule is well established in this jurisdiction that a minor, even in a `civil proceeding,' lacks the capacity to waive service, and that no one may waive it for him. Wright v. Jones, 52 S.W.2d 247 (Tex.Com.App.1932); 2 McDonald, Texas Civil Practice, Citation, Section 9.02, p. 364 (1970 rev.). The rules pertaining to service on minors in civil cases are well expressed by the Waco Court of Civil Appeals in Morris v. Drescher, 123 S.W.2d 958, 959-960 (1939, writ ref'd), as follows:
`The trial court should not have proceeded to trial on the merits of the cause . . . without proper service of citation on Dorothy Lynn Drescher (the minor), Wright v. Jones, Tex. Com.App., 52 S.W.2d 247; but should have dismissed the cause in the event service was not secured within a reasonable time. Alexander v. Barfield, 6 Tex. 400 . . . Likewise, the court was not authorized to appoint a guardian ad litem for her if not served by process, Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676 . . .
`If judgment had been rendered against Dorothy Lynn Drescher without proper service of citation affirmatively appearing of record, she could have taken advantage of such fact at any stage of the proceedings on appeal or writ of error because the judgment against her would have partaken of the nature of a judgment by default, for the reason that she was without legal capacity under the law to waive *516 any of its requirements, Wheeler v. Ahrenbeak, 54 Tex. 535 . . ..'"
In a per curiam opinion, the Supreme Court of Texas agreed with the holding of the Court of Civil Appeals concerning the necessity for service of process upon a minor. State v. Casanova, 494 S.W.2d 812 (1973).
Therefore we can only conclude that the transfer order was erroneous because of a failure to comply with the notice provisions of Section 53.06 and Section 54.02. Appellant's tenth point of error is sustained. Since M. W. is now eighteen years old he is no longer subject to the jurisdiction of the Juvenile Court. Therefore the case may not be remanded to the Juvenile Court and the only procedure available to this Court is to vacate the order and to dismiss the case. Carrillo v. State, 480 S. W.2d 612 (Tex.1972); State v. Casanova, supra.

ON MOTION FOR REHEARING
The State of Texas in its motion for rehearing asserts that we should set aside our prior opinion and judgment in this case because we failed to consider the affidavit of the District Attorney that the Grand Jury of Pecos County did on the 3rd day of September, 1974, return two indictments against M. W. for the sale of heroin, and that we erred in failing to find that the transfer order was not relied upon by the Grand Jury at the time such indictments were returned. See Hight v. State, 483 S.W.2d 256 (Tex.1972).
The only issue before this Court, whose jurisdiction is limited to civil matters, is the validity of the transfer order. We have not and cannot pass upon the validity of any criminal indictments since this Court has no criminal jurisdiction. We have no way of knowing whether the Grand Jury relied upon the transfer order or not, but since M. W. was only sixteen years old when the offense was committed we would expect that in view of Art. 30(b), Vernon's Ann.Penal Code of Texas (1925), as amended, the transfer order was relied upon. See 5 Tex.Tech.L.Rev. 584 (1974). But that issue is not and cannot be decided by this Court which has no criminal jurisdiction.
The motion for rehearing is overruled.