COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 


 
 
  
 IN THE MATTER OF L.A.C.,
 JR., A JUVENILE.
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00221-CV
  
 Appeal from the
  
 327th District Court
  
 of El Paso County, Texas 
  
 (TC# 99,01203) 
  
 
 


 

                                                                  O
P I N I O N

 

L.A.C., Jr. appeals his adjudication
of delinquency, based upon the commission of the offenses of murder and
aggravated assault.  We affirm.

Facts








On February 1, 2001, the State filed
in the juvenile court a Petition Based on Delinquent Conduct and Notice of
Intent to Seek a Determinate Sentence under the Texas Family Code.  Appellant, then fifteen years of age, was
accused of engaging in delinquent conduct by committing one count of murder and
one count of aggravated assault.[1]

L.A.C. pleaded not true to both
allegations on May 8, 2001 in open court. 
Testimony commenced and at the conclusion of the trial, seven special
issues were submitted to the jury.  The
jury found that L.A.C. had engaged in delinquent conduct for both the
aggravated assault with a deadly weapon and murder.  The jury was then presented with five special
issues regarding punishment.  For the
aggravated assault with a deadly weapon, the jury assessed punishment at five
years.  For the murder, the jury assessed
punishment at thirty years.

Discussion

Appellant raises one point of error
on appeal.  He argues that under section
53.06 of the Texas Family Code, a court is required to issue summons to a
juvenile named in the petition and that the personal service of process on the
juvenile must appear in the record. 
Because there was no personal service of summons on him, he argues, the
trial court lacked jurisdiction to hear the matter.








In order to effect service under
section 53.06, a summons shall be issued to the child named in the
petition.  Tex. Fam. Code Ann. ' 53.06(a)(1) (Vernon 1996); see
also In re M.W., 523 S.W.2d 513, 514 (Tex. Civ. App.--El Paso 1975, no
writ) (emphasizing the recognized necessity of personal service upon a
minor).  The summons Amust require the persons served to
appear before the court at the time set to answer the allegations of the
petition,@ and A[a] copy of the petition must
accompany the summons.@  Tex. Fam. Code Ann. ' 53.06(b) (Vernon 1996).

It is true that, as originally filed,
the Clerk=s Record contained no evidence that a
summons was issued.  However, the State
requested supplementation of the record pursuant to Tex. R. App. P. 34.5(c)(1). 
The supplemental record reflects that the State=s petition was filed on January 30,
2001[2]
and that summons was issued to appellant and his parents, providing them with a
copy of the petition and requesting that all of the parties appear for a
pretrial hearing.  The record reflects
return of personal service of the summons on L.A.C. and his parents on February
1, 2001 at 1 p.m. by an El Paso County probation officer.  Thus, we conclude the service on the parties
here complied with the statute.  See
Sauve v. State, 638 S.W.2d 608, 610 (Tex. App.--Dallas 1982, pet. ref=d) (holding that an officer=s return creates the rebuttable
presumption that service was appropriate and that defects in the officer=s return must be attacked in the
trial court).

Because the supplemental record
contains a summons reflecting that appellant was served, we conclude the trial
court had jurisdiction.








Conclusion

Accordingly, we overrule appellant=s point and affirm the judgment of
the lower court.

                                                                       


SUSAN
LARSEN, Justice

June 20, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]A
first amended petition, including the two counts of the original petition, was
filed on March 8, 2001.  In addition to
the two counts, the amended petition included a third count: deadly conduct
involving a firearm.  At the beginning of
the trial on the merits, the court announced that the third count would not be
part of the trial.





[2]There
is some confusion about the date, as the original Clerk=s
Record lists the summons as filed February 1. 
In either case, the summons was issued prior to the pretrial hearing.