MATILDA J. BRADFORD ET AL. V. THOMAS J. KNOWLES ET AL.

No. 6515.

**Estoppel — Former Judgment —Case in Judgment.**—Plaintiffs sued for land. In defense the defendants offered in evidence proceedings and judgments in a former suit in Comal County by the same plaintiffs against one John P. Erskine, through whom the defendants herein pleaded title. The proceedings in the Comal District Court were: Petition on promissory note; the defendant John P. Erskine pleaded want of consideration (which seems to have been abandoned), and that the note had been discharged by the conveyance by the principal in the note to the plaintiffs of the identical land here sued for. Upon the trial judgment in the Comal County case was against the plaintiffs. *Held:*

1. The construction and legal effect of the Comal County judgment was that the note there sued upon had been satisfied by the conveyance of the land to the plaintiffs.

2. The decree would only bind Erskine, the defendant, as to the land if he claimed it as heir or under deed of later date than that of plaintiffs from his father, who was principal in the note sued on.

3. The judgment would not be an estoppel as to the land if John P. Erskine held by deed older than that to plaintiffs, or under foreclosure of a mortgage of older date than plaintiffs' title.

4. Recitals in the pleadings in the Comal County suit would not control the legal effect of the judgment.

5. Nor should pleadings signed by counsel for married women or minors have effect in evidence to establish an estoppel against them.

APPEAL from Guadalupe. Tried below before Hon. Geo. McCormick.

This was an action of trespass to try title for 1280 acres of land in Guadalupe County. The defendants pleaded not guilty and limitation of three and five years. The contention of the parties as given in the brief of Mr. Neal, of counsel for appellees, is here given:

"The plaintiffs' claim that their grandfather Michael Erskine deeded to them the land in controversy, which is situated in Guadalupe County.

The deed under which plaintiffs claim was dated in 1860, and since said date until the institution of this suit plaintiffs exercised no acts of ownership whatever. Defendants claim under a deed from the administrator of Michael Erskine to John P. Erskine, said conveyance having been made in pursuance of a decree foreclosing a mortgage to Caperton, and the date of Caperton's mortgage being prior to the date of plaintiffs' deed. Defendants also claim that the deed to plaintiffs was written, signed, and acknowledged by Michael Erskine without the knowledge of the grantees or their representatives, and that its registration was not intended to operate as a delivery, but that at the time of the registration of the deed a release of a note secured by a mortgage on the land was simultaneously prepared, and that the deed and release were forwarded to the grantees with the intention on the part of the grantor that the title should pass to the grantees upon the execution by them of the release, and that the grantees refused to execute the deed of release of the note and mortgage, and refused to accept the deed, and expressly repudiated the deed, and that afterwards they proved up the note and mortgage as a claim against the estate of A. N. Erskine, who was an obligor on said note, and that they brought a suit against the owner of the land in controversy, who was an obligor also in said note; and a certified copy of the record in said suit was introduced in evidence for the purpose of showing that no title passed from the grantor to the grantees by virtue of the deed to plaintiffs, and that the deed was never delivered, and that the conditions upon the happening of which the deed was to pass title were never complied with, and that the grantees expressly refused to accept the deed, and had elected to sue on a note, a release of which was the very condition upon the happening of which the deed became operative."

Other facts are found in the opinion.

*W. M. Rust* and *W. E. Goodrich*, for appellants.—1. The judgment and proceedings of neither a court of concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment. 1 Greenl. on Ev., sec. 528; Duchess of Kingston's Case, Smith's Leading cases, 424; Arnold v. Arnold, 17 Pick., 7-14.

2. The record of a former judgment is not admissible in evidence as constituting a bar or estoppel to an action without being pleaded. Lyon v. Tallmadge, 14 Johns., 501; Van Orman v. Spofford, 16 Ia., 186; Redmon v. Coffin, 2 Dev. Eq., 437; West v. Creditors, 4 La. Ann., 448; Greely v. Smith, 3 Woodf. & M., 236; Krekeler v. Ritter, 62 N. Y., 372.

3. By pleading specially the defendant gives notice of his defenses, and the plaintiff has the right to suppose he will rely on none other, and ought not to be required to come prepared with evidence to meet other

defenses than those which the defendant in his pleadings has asserted as the matter of his defense on which he will rely, and his plea of not guilty is thereby waived. Shields v. Hunt, 45 Texas, 426; Custard v. Musgrove, 47 Texas, 220; Rivers v. Foote, 11 Texas, 662; Ruis v. Chambers, 15 Texas, 591; Smith v. Garza, 15 Texas, 156.

4. After the Act of 1870 requiring special guardians to conduct suits a "next friend" could not conduct a suit for a minor until the adoption of the Revised Statutes, and such action was void. Acts of 1870, p. —; Abrahams v. Vollbaum, 54 Texas, 226; Hays v. Hays, 66 Texas, 608.

5. The answers of a guardian of an infant defendant can never be read against the infant in another suit, neither can the admissions of a married woman answering jointly with her husband be afterward read against her, it being considered as the answer of the husband only. 1 Greenl. on Ev., sec. 179 and notes 3, 4.

6. For a married woman to convey her lands so as to pass the title, she must do it according to the statute by a deed executed with a privy examination, unless by some fraudulent act or representation on her part, which is relied upon and acted on by the party to whom the representation is made, she is estopped from setting up claim to the land. Fitzgerald v. Turner, 43 Texas, 84; Cross v. Evarts, 28 Texas, 532; Cravens v. Booth, 8 Texas, 243; Wright v. Doherty, 50 Texas, 41; Berry v. Donley, 26 Texas, 737; Bailey v. Trammell, 27 Texas, 328; Bell v. Schwarz, 56 Texas, 355; Yancy v. Batte, 48 Texas, 59; Wooldridge v. Hancock, 70 Texas, 18; Bige. on Estop., 486–488, 510.

7. A married woman's acts and representations in respect to her rights of property, made to deceive and which do deceive others to their injury, will be binding upon her; but her declarations and acts made and done in ignorance of her rights and not intended to deceive do not estop her. Reagan v. Holliman, 34 Texas, 404; Bell v. Schwarz, 56 Texas, 357; Armstrong v. Moore, 59 Texas, 646; John v. Battle, 58 Texas, 600; Wooldridge v. Hancock, 70 Texas, 18.

8. To say that a married woman or a minor by acts *in pais*, by admission, or representations, or silence could in effect do what they could not do by deed would be practically to dispense with all the limitations the law has imposed upon the capacity of infants and married women. 2 Pars. on Con., 5 ed., 799; Browne v. McCune, 5 Sandf., 224; Stedman v. Duhamel, 1 C. B., 888; Keen v. Coleman, 39 Pa. St., 299.

9. In order that one may be bound by an estoppel he must have the capacity to make a valid deed; infants and married women can not be bound by estoppel. Raymond v. Holden, 2 Cush., 264; Bank v. Bellis, 10 Cush., 276; Lowell v. Daniels, 2 Gray, 161; Browne v. McCune, 5 Sandf., 224; Morrison v. Wilson, 13 Cal., 494; Lackman v. Wood, 25 Cal., 153; Williams v. Baker, 71 Pa. St., 482; Todd v. Kerr, 42 Barb., 317.

10. In order to make a judgment *res adjudicata* there must have been

in the former suit a real trial of the very matter at issue in the second suit; and it is not sufficient that by inference or *arguendo* the same point must have been considered in the former suit.   Cook v. Burnley, 45 Texas, 115; Teal v. Terrell, 48 Texas, 491; Caruth v. Grigsby, 57 Texas, 269; Aspden v. Nixon, 4 How., 467; Packet Co. v. Sickles, 5 Wall., 592; 20 Am. Dec., 578; Wells' Res Adju., secs. 3, 5, 14; Freem. on Judg., secs. 253 (note), 273, 274; 6 Wait's Act. and Def., secs. 2, 17, 28, and authorities.

*John Ireland,* for appellees.— 1.   The depositions of Mr. Martin and Mrs. Ehringhaus, mother of plaintiffs, contained in the Comal suit received were not offered as depositions, but offered as a part of the record in a suit where these parties were the plaintiffs and in which they set up the invalidity of the deed now here relied on as evidence of their title. The depositions or record complained of were taken, filed, and read by plaintiff in the Comal suit and embraced in the statement of facts and made a part of the record, and were read on this trial not as evidence of any existing fact to be here proved, except to show by the Comal suit what was involved and the results, and as evidence alone of what was in proof in that suit.   If it becomes necessary to show what was in proof in a cause tried fourteen years before, it is far safer to rely upon an agreed statement made on the former trial and certified to by the judge as a part of the record than the memory of witnesses after so great a length of time. It was necessary to show upon what ground the Comal suit ended as it did.   White v. Madison, 2 Am. Law Reg., N. S., 663.

And this must be done from the record.   Wells' Res Adju., 186; Herm. on Estop., p. 69.

2.   It was not necessary that they should have been the same parties. They were the same plaintiffs, except one, who was dead as stated, leaving the others heirs to his estate, if any.   John P. Erskine was the defendant in the Comal suit—a son and heir of Michael Erskine and vendor of defendant in this suit.   He was one of the makers of the note said to be the consideration for this land, as now claimed, and was undoubtedly a privy.   It is not necessary that the parties should be the same or that the cause of action should be the same.   Herm. on Estop., 289; Portis v. Cummings, 14 Texas, 171; Wintz v. Morrison, 17 Texas, 372; Hancock v. Dimon, 17 Texas, 369; Irvin v. Irvin, 9 Wall., 617; Russell v. Farquhar, 55 Texas, 357.

Infants bound and married women.   Dalton v. Rust, 22 Texas, 152.

Record containing depositions admissible.   Harrington v. Harrington, 2 How. Miss., 701; Whart. Ev., 819, 822, 823, 825, 828, 838; Lewis v. Van Buskirk, 4 Pa. St., 309; Voothers v. Embank, 6 Ia., 274; Emory v. Whitehall, 6 Mich., 474; Beauchamp v. Mudd, Hardin, 123; Warden v. Mendocino County, 32 Cal., 655; Austin v. Slade, 3 Vt., 68; Long v.

Dorris, 8 Ala., 801; Abb. Trial Ev., 832; Paynes v. Cole, 1 Mumf., 373; Merrill v. Bell, 6 S. & M., 730.

But as a mere deposition being between parties and privies.   Houston v. Blythe, 60 Texas, 506; Root v. Menwither, 8 Bush, 398; Brooks v. Cannon, 2 A. K. Marsh., 754; 2 Dan. Ch. Plead. and Prac., 1014; 1 Greenl. Ev., 553; Rutherford v. Giddes, 4 Wall., 223; Burton v. Driggs, 20 Wall., 125.

The witness *civiliter mortuus*.   Brown v. Dykes, 3 Monr., 533; Whart., 828a.

They were bound by this pleading in Comal suit.   Portis v. Hill, 14 Texas, 79.

An estoppel operates to hold one to facts as he alleges them.   Keating v. Orne, 77 Pa. St., —.

3.   The next specification is that the plaintiffs in the Comal suit were minors and that there was no guardian appointed and bonded.   There was no exception and it was discretionary with the court.   Ins. Co. v. Ray, 50 Texas, 511; Martin v. Weyman, 26 Texas, 460; Cannon v. Hemphill, 7 Texas, 184.

The present law requiring special guardians for infant defendants has no application.   The act requiring special guardians was one to regulate estates of decedents.   Would the special guardian section be constitutional?   Cannon v. Hemphill, 7 Texas, 184.

4.   Plaintiff's recovery in this case would be a reversal of all rules of law as we understand them and as they have been taught.

(1)   There was no previous agreement or understanding about the deed of 1860.   It was not and could not be a fulfillment of the original understanding between J. C. Ehringhaus and Michael Erskine as to investments in Texas, because that understanding would not authorize the trustee Erskine to buy land from himself for the children.

(2)   There was no delivery of the deed.   It was never in the hands of the guardian J. C. Ehringhaus or of plaintiffs.

(3)   It might be presumed, as in some cases, that there was an acceptance and sufficient delivery by placing the deed on record.   In this case it was recorded by the vendor and tendered to the vendee by the transmittal of a certified copy to the guardian with the request for him to accept on certain terms.   These terms were never complied with.   The release of the mortgage of 1854 and execution of the defeasance and its return to Erskine were never performed.   The note, the consideration for the land, was retained by the vendees and sued on.

(4)   The note, the consideration, was many years after the deed had been tendered probated against the estates of two of the makers, and for aught we know collected.

(5)   Suit was brought on it twelve years after the deed had been ten-

dered in payment, and in that pleading the deed is expressly repudiated by the beneficiaries themselves.

(6) Fifteen years after this judicial repudiation, and twenty-seven years after the deed was tendered, these plaintiffs for the first time assert rights under it. "Authorities are hardly necessary to show that the mere making of a trust deed like the one in question, without any acceptance express or implied by the trustee, is not sufficient to vest title in the trustee, and that parol proof is admissible to show that the deed was never accepted." Armstrong v. Morrell, 15 Wall., 138, 139.

"It is well settled law that every conveyance which depends upon the act of the parties is imperfect for vesting title without the assent of the parties, express or implied." Armstrong v. Morrell, 15 Wall., 138, 139.

No delivery. Young v. Gilbeau, 3 Wall., 639; Parmlee v. Simpson, 5 Wall., 85; Maynard v. Maynard, 10 Mass., 456; Sampson v. Thornton, 3 Met., 281: Devlin, 289, 290, and note.

Registration not sufficient. Steffian v. Bank, 69 Texas, 513; McLaughlin v. McManigle, 63 Texas, 556.

*W. R. Neal,* also for appellees.— 1. Acceptance by the grantee is essential to the validity of a deed, and if the grantor tenders the deed and the grantee declines to accept, the title remains unaffected in the grantor. Tied. on Real Prop., sec. 812, and authorities.

2. When a case is tried before the judge without a jury, in the absence of any statement of facts in the record the conclusions of fact made out and filed by the judge under the statute must be regarded as embracing substantially the facts proved on the trial. In such case, when the judge recites that his finding was from the transcript excepted to and from other evidence, this court can not tell whether or not the evidence claimed to have been irregularly admitted had any effect upon the decision of the cause, and the admission of the evidence may have been unimportant for other reasons; and then there being nothing to show that its admission worked injury or prejudice to appellants' rights, the court will not reverse, and every legal intendment is in favor of the correctness of the judgment, and it will be presumed that the evidence was sufficient to authorize the finding. Chance v. Branch, 58 Texas, 490; King v. Pfeiffer, 62 Texas, 307; Wallace & Co. v. Boyd & Bro., 62 Texas, 636, and authorities.

HENRY, ASSOCIATE JUSTICE.—Appellants brought this suit to recover a tract of land containing 1200 acres. The cause was tried without a jury and a judgment was rendered in favor of defendants. There is no statement of the facts.

A bill of exceptions shows that defendants were permitted to introduce in evidence the record of another cause tried in the District Court of Comal County in which the plaintiffs in this suit were plaintiffs and one

John P. Erskine was the defendant. That suit was brought by the plaintiffs to recover the amount of a promissory note alleged to be due them by M. Erskine, John P. Erskine, and A. N. Erskine.

The defendant in that suit pleaded that said note had been paid off and discharged by a conveyance to the plaintiffs of the land now in controversy. The plaintiffs filed a replication to the answer, denying that any such settlement of the note sued upon had ever been made, and especially denying that the land in controversy had ever been conveyed to them, and also charging that if said deed was ever executed, as defendants alleged, it was upon conditions prescribed in a deed of release sent by Erskine for execution as a part and parcel of said deed, which plaintiffs refused to accept or ratify, and that they also refused to accept the deed in satisfaction of the note, wherefore they charged the deed was null and void.

The record introduced in evidence contains the pleadings, evidence, and judgment in said cause.

It is evident from the record that the plaintiffs had a valid and subsisting note and were entitled to a judgment for its recovery if it had not been discharged by a conveyance to them of the land in controversy.

The result of that suit was a judgment in favor of defendant and that plaintiffs take nothing.

The judge filed in the cause now before us the following conclusions of law and fact:

"1. That the parties prove title to the land sued for under a common source by deeds from M. Erskine.

"2. That plaintiffs' deed from Erskine is of older date than that under which defendants claim.

"3. That defendants have proved a regular chain of transfer from and under the sovereignty of the soil under color of title or title, and were in peaceable and quiet possession of the land sued for for more than three years before the institution of this suit.

"4. That defendants have had peaceable and adverse possession of the land sued for, holding and enjoying the same, paying taxes thereon, and claiming under deeds duly registered, for more than five years next before the institution of this suit.

"5. That defendants have not had such possession of said land as would entitle them to the bar of the ten years limitation, the actual possession of the land not having been in them for ten years before the institution of this suit.

"6. The defendants have proved by the certified copy of the record of the suit of W. F. M. Ehringhaus et als. v. John P. Erskine (admitted in evidence over the objection of plaintiffs), decided in the District Court of Comal County, October 11, 1873, on change of venue from this county, and by other evidence, that the parties to this suit plaintiffs herein and those under whom these plaintiffs claim were plaintiffs in said suit, and

that they in said suit renounced and disclaimed any interest in or claim to the land now herein sued for.

"7. The court further finds that all of the parties plaintiff except Mrs. Bradford and the minor Culpepper are barred by the three and five years statutes of limitation; that the parties plaintiffs, seven in number, would, were they entitled to recover in this suit, have a one-seventh interest each in the land sued for, they being the same parties and their legal representatives to whom Erskine conveyed the land in May, 1860.

"8. That the plea of coverture and minority interposed by the said Mrs. Bradford and the minor Culpepper is proved, and that they are not barred by said statutes of three or five years.

"Whereupon the court holds as a conclusion of law that by reason of the legal effect to be given the judgment and record in the suit decided by the District Court of Comal County, that neither of the parties plaintiff can recover in this suit, they having elected in said suit by their proper representatives to repudiate the deed under which they claim now; that they are bound by the recitals in said suit and the judgment therein; and therefore judgment is given for the defendants."

We think that the judgment rendered in 1873 must be given exactly the opposite effect to that held by the court in its conclusion of law.

By the pleadings an issue was made as to whether or not the conveyance of the land to plaintiffs ever did take effect. If it did, the note then sued on was discharged, because the title to the land now in controversy had been conveyed to and vested in plaintiffs by the owner of the land—or at least such title as the maker of the deed could convey. If it did not, plaintiffs were entitled to a judgment for the amount of their note.

Between the parties to that suit the judgment therein rendered as much settled that the land had been conveyed to plaintiffs as it did that they could not recover upon the note. The record of the first suit shows that a controversy existed as to whether or not the plaintiffs owned an unpaid note or the land. It was only because the land had been conveyed to them to discharge it that they were precluded from recovering on the note. It was their right to have that issue tried and to recover upon the note if it had not been discharged by a conveyance of the land.

The rights of parties to other suits in which final judgments have been rendered must be controlled by the judgments and not by recitals in their pleadings treated either as admissions or estoppels. In such cases the pleadings and other proceedings, as between the parties and their privies, can only be looked to for the purpose of ascertaining what was the issue that was decided.

When the issue on trial is such as to make the admissions of the parties contained in pleadings in other suits pertinent evidence, we do not think that pleadings of married women nor of minors appearing by their

next friends and signed by attorneys should be admitted against such parties.

When pleadings in another suit or other admissions are properly admissible it does not follow that other proceedings in the cause, including the evidence, may also be admitted.

We are not able to determine from the record before us whether or not the defendants in the present suit claim the land under the defendant in the former suit, nor whether the defendant in that suit then owned the land in controversy, nor how he derived his title if he ever owned it.

If he then owned it in such manner as to affect his title by that judgment as an estoppel and defendants hold in privity with him, the judgment in the former suit and so much of the proceedings therein as are proper to show what issues were decided may properly be received in evidence upon the trial of this cause to prove title in plaintiffs by estoppel. If the relations of the parties are not such as to make the record admissible to prove such estoppel in favor of plaintiffs, we do not think that it should be admitted for any purpose.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered June 6, 1890.

### ON MOTION FOR REHEARING.

*James H. Burts* and *John Ireland,* for appellees, filed a motion for rehearing.

*Rust & Goodrich,* for appellants, resisting.

HENRY, ASSOCIATE JUSTICE.—We are asked to reconsider our decision in this case because the opinion "ignores the issue of want of consideration as made in the record of proceedings from Comal District Court."

The record shows that the note referred to was a joint and several note signed by Michael Erskine, John P. Erskine, and A. N. Erskine. The petition alleged that both Michael Erskine and A. N. Erskine were dead.

John P. Erskine, the sole defendant, answered, admitting the execution of the note by said parties, and further answering says: "The note sued on is now and was when executed null and void for the reason that there was no consideration to support the same, and therefore this defendant is not liable on the same." Defendant further says "that some time in the year 1853 his father, the said M. Erskine, obtained from J. C. Ehringhaus about the sum of $2300 money belonging to the plaintiffs in this suit, said J. C. Ehringhaus being at the time the guardian of petitioners; that said Ehringhaus made a contract with said Michael Erskine for him to take said sum of money and invest it in lands in the State of Texas; * * *

that after said M. Erskine had secured said lands so located he had on hand of said original sum of money the amount for which the note sued on in this case was given; that said Michael Erskine, in order to let plaintiffs have some written evidence of the balance in his hands belonging to them, drew up the note sued on, and this defendant, being a son of said Michael Erskine, on being requested by his father, signed the note sued on without asking any questions and without any consideration therefor, and the said note was then transmitted by said Michael Erskine to plaintiffs in North Carolina."

We do not find in the pleadings any other or different allegation with regard to the consideration of the note then in issue, nor with regard to a failure or want of consideration. The evidence on the subject corresponds in every particular with the allegation. It is evident that the issue of want of consideration was not in the case and did not require mention in our opinion.

In the motion for rehearing it is urged that in our opinion we overlooked the fact that the suit in the District Court of Comal County was against only one party to the note, and that in the opinion there is expressed "a doubt as to whether J. P. Erskine, the defendant in the Comal suit, was the owner of the land in controversy, while the proceedings show that he did not pretend to own the land." It is true that the record shows that M. Erskine owned and conveyed the land on the 15th day of May, 1860.

It will be seen, however, by reference to the court's findings of facts Nos. 1 and 2 that he conveyed it twice, and that defendants, as well as plaintiffs, claim the land through him. The record in no way discloses through what source their title reached the present defendants from M. Erskine, except that plaintiffs allege in this suit that they hold under John P. Erskine.

The statement is made in the brief of counsel for appellees that "John P. Erskine was the defendant in the Comal suit—a son and heir of Michael Erskine and vendor of the defendant in this suit. He was one of the makers of the note said to be the consideration for this land as now claimed, and was undoubtedly a privy. * * * The plaintiffs are the same and defendants in privity."

The original petition in the Comal suit was filed on the 18th day of September, 1871, and the final judgment therein was rendered on the 11th day of October, 1873.

We are still unable to determine whether or not the defendant in the Comal suit owned the land in controversy when he made it an issue in the Comal suit, so as to make the judgment therein binding as an estoppel against him and his privies.

If he did not, or if the present defendants do not hold in privity with him, there can be no question of estoppel arising out of that suit, and the

record in it should not be admitted as evidence in this suit for any purpose.

In view of another trial, and to avoid any misinterpretation of our meaning, we will say that there is in the record evidence indicating that when Michael Erskine made the deed through which plaintiffs claim the land it was subject to a mortgage and was subsequently sold under that mortgage. The record does not disclose who was the purchaser under the mortgage.

If John P. Erskine acquired a valid title under that mortgage, whether he so acquired it before or after the Comal suit, and if it was an older title than the one acquired by plaintiffs through the deed of M. Erskine to them, we do not think that in such case the pleading of the said deed by John Erskine in the Comal suit would make the judgment rendered in that suit estop him or his vendees.

The doctrine of estoppel on account of the issue made by him and tried in that suit can not be applied in this cause, unless it shall appear that the present defendants hold under him and that he holds under Michael Erskine either as his heir or as a purchaser by deed made subsequent to the mortgage.

It is unnecessary for us to say that if he was a purchaser under a mortgage, the title thus acquired related back to the date of the mortgage.

The motion is overruled.

*Motion overruled.*

Delivered June 27, 1890.