### SHAURA SILK MILLS v. WATERS WEISMAN CO., Inc., et al.

(Circuit Court of Appeals, Second Circuit. February 18, 1924. Rehearing Denied.)

#### No. 227.

Receivers ⊙➡142—Doctrine of caveat emptor applies to sales by receivers.

When bids were solicited by a receiver for property of the estate, on terms expressly stating that he sold only such goods as were in his possession and without warranty, and bidders were given an opportunity for inspection, after the sale was made and duly confirmed by the court, it was without power to require the receiver to refund a part of the purchase money on a claim by the purchaser that an inventory, which was made by defendant before the receivership, contained errors, and that he did not receive all the goods or value shown thereby.

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by the Shaura Silk Mills against the Waters Weisman Company, Inc. Walter H. Morse, receiver, and another appeal from an order of the District Court. Reversed.

Robert P. Levis, of New York City, for appellant Burton Bros. & Co.

Douglas V. Ashley, of Binghamton, for appellant Morse.

Morris & Samuel Meyers, of New York City, for respondent.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. The facts are undisputed. This action is a creditor's bill, growing out of the insolvency of the defendant. Mr. Morse was appointed receiver, and offered for sale substantially all the property of the defendant. This judicial sale was held on written bids handed to the receiver and considered by the court. A large part, if not the major part, of the property offered for sale, consisted of merchandise, i. e., cotton and silk goods, though there were also certain factory and office supplies, fixtures, and some real estate, together with some shares of stock in a manufacturing corporation.

The terms of sale communicated to bidders were in writing. Among the articles offered for sale were "all merchandise, either in the form of piece goods and finished garments, or garments in the process of manufacture, in" the building of defendant. These written terms of sale also declared that "any purchaser or intending purchaser is hereby expressly notified that the receiver does not sell or agree to convey

⊙➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the purchaser any merchandise not now in his possession." It was furthermore declared in writing that the only conveyance to be made would be "without warranty."

Apparently all would-be purchasers, and certainly two men who made the first bid, were given an opportunity to inspect the goods and the building of the defendant. The receiver had made no inventory, but very shortly before failure the defendant had made an inventory, and this was inspected by the above referred to intending purchasers. The sale was had, and the present appellee made the highest and best bid, and it subsequently appeared that he was depending for knowledge of what he was bidding on upon the investigation made by the first bidders above referred to. The property was awarded to the present appellee by an order which substantially confirmed the sale, dated August 22, 1922, and this order was resettled in a more ample form on September 8th following.

After the purchaser had entered into possession, he caused a careful examination to be made of what he had bought, and found that there were errors in the inventory made by the defendant before failure, both as to statements of pecuniary amounts (errors in addition) and errors in yardage of goods. Having discovered these facts, he petitioned the court to have refunded to him the pecuniary amount or value of these errors or omissions, and the court granted an order to show cause why this should not be done on December 4, 1922. Subsequently it granted the prayer of the petitioner, and from an order directing the receiver to refund to this purchaser $13,000 out of the purchase price, which he had paid months before, the receiver took this appeal.

This was a judicial sale, which means, among other things, that it was the duty of the court to conduct the sale in accordance with rules of law. The sale was without warranty of any kind, and an opportunity was given to purchasers to inspect the goods, and the goods were inspected (however insufficiently) by the bidder upon whose investigation the present appellee relied. "In any case where the buyer has an opportunity to inspect goods, there should be no warranty implied as to defects which the examination ought to disclose." Williston, Cont. § 938. In this case, not only was no warranty implied, but it was explicitly declined in the terms of sale. The business reason for this is obvious from the record. Bidding was confined, and it was expected that it would be confined, to persons acquainted with defendant's business, and far more cognizant with that kind of business than the receiver could be.

Except for its being a judicial sale, the case is wholly governed by Barnard v. Kellogg, 10 Wall. 383, 19 L. Ed. 987, and the doctrine of caveat emptor applies. But that doctrine is just as applicable to judicial sales as any other. 27 R. C. L. 482. The ground of this purchaser's petition was mistake, but he does not even allege mutual mistake. One's own unassisted blunder is no reason either for rescinding a contract or demanding mitigation of its exigency.

The order complained of was in defiance of the rules governing sales generally. It may be granted that courts have power over their own orders during the term in which they are rendered, but that does

not give them jurisdiction to avoid or confirm judicial sales without cause, even at that term (Morrison v. Burnette, 154 Fed. 617, 83 C. C. A. 391) ; much less does such power exist after the term, as is the case here.

It may be admitted that appellee might have made claim or brought an action in the nature of deceit against any one who had deceived him to his disadvantage; but this claim is in substance and effect a suit against a receiver, who has been guilty of no deceit, who made no representation and gave no warranty, but did give an opportunity to inspect and form his own judgment to each and every purchaser.

Ordered reversed, with costs.