**BERRY v. HARRELL.**

No. 7710.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1936.

Rehearing Denied June 5, 1936.

W. Dewey Lawrence, of Tyler, Tex., for appellant.

J. N. Saye and W. T. Saye, both of Longview, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, H. M. Harrell, brought this suit in equity against Jack J. Berry, Magnolia Petroleum Company, and the First National Bank of Longview, Tex., to quiet his title to an oil lease on four acres of land described in the bill, in the William P. Chism survey of Gregg county, Tex., to the extent of 7/32 of the oil produced until that should equal $10,000, and for an accounting and ultimate recovery for the oil produced. The bank disclaimed any interest, and was dismissed from the case. There was a decree awarding plaintiff a recovery as against Berry and the Magnolia Petroleum Company with judgment over in favor of the Oil Company against Berry, in the event Berry did not satisfy the judgment, and, further, quieting plaintiff's title until he was paid $10,000. Only Berry has appealed.

The District Court made comprehensive and specific findings of fact, which are supported by the evidence in the record. The following material facts appear from the record: Louie Lacy acquired a lease of 14½ acres of land in the survey and on March 6, 1931, entered into a contract with Jesse M. Riggs, by which she agreed to assign the lease on the north 4 acres of the said 14½ acres to him. She executed an assignment of the lease to Riggs and placed it in escrow in the First National Bank of Longview, Tex. Riggs agreed to begin operation for the drilling of a well for oil or gas on the said land within 10 days from the date of contract and to drill it with reasonable dispatch until it reached the woodbine sand, unless oil or gas was found in paying quantities at a lesser depth. He agreed to pay her $10,000 out of the first 7/32

of the oil and gas produced from the land. Riggs began drilling operations promptly, but on March 27, 1931, he sold his interest in the lease to B. Trimble, who, in consideration of the transfer, assumed and agreed to pay certain indebtedness that had been incurred by Riggs and to perform the contracts between Riggs and Louie Lacy. Trimble drilled the well to or approximately to the woodbine sand. Louie Lacy accepted Trimble's work as the performance of the contract between her and Riggs and authorized the escrow agent to deliver her assignment to Riggs. Delivery was made and the assignment was duly filed of record on July 25, 1931. The assignment from Riggs to Trimble was delivered to James Casey, an attorney who represented some of Riggs' associates in the venture, but he held it in his office and did not record it. Prior to the acceptance by Lacy of Trimble's execution of her contract with Riggs and the delivery of the lease by the escrow agent, on May 16, 1931, after Trimble had succeeded Riggs, the plaintiff, Harrell, sold a drilling rig to Trimble and his associates. The contract of sale was made in Trimble's name. Trimble executed his promissory note in the sum of $6,000, due and payable on or before 60 days from its date, secured by a chattel mortgage covering the rig. On the same day Trimble executed and delivered to plaintiff an assignment of 7/32 interest in the lease to be held by plaintiff until he received therefrom the sum of $10,000 out of the first oil or gas produced. This assignment was duly filed of record on May 2, 1931. The note and chattel mortgage contained substantially similar provisions to the effect that when the well being drilled on the 4-acre tract was completed, if drilled to the woodbine sand and tested, although it should not be a producer, the note and chattel mortgage would be of no further force and effect. On the same day plaintiff wrote Trimble a letter in which he acknowledged the receipt of the chattel mortgage, note, and assignment. In this letter plaintiff agreed to release these instruments if Trimble paid him $6,000 within 60 days. The letter further stated, "It is further agreed that if said sum is not paid, as above stated, that I hold said mortgage until the well has been drilled and completed to the woodbine sand, and when said well is completed to the woodbine sand, and properly tested, the mortgage is to be released whether the well is a producer or not, the assignment being construed as a full settlement for the drilling equipment, as above mentioned." Plaintiff delivered the drilling rig to Trimble, who moved it on to his lease and used it in drilling the oil well then started. After Trimble had drilled the well to or approximately to the woodbine sand, financial difficulties delayed him in his efforts to obtain casing for the well. Certain laborers brought suit in a state court against Trimble and his associates, Kinsey, Caruth, and Nichols and against Riggs and Davis, his associate, seeking judgment for their respective claims, to establish their liens on the property and for the appointment of a receiver pendente lite. The state court appointed J. C. Barton as receiver. Plaintiff's attorneys sent a copy of the chattel mortgage, the $6,000 note and the assignment to the receiver, with a letter, on September 25th, and stated that there was still due on the note $6,000 and interest. The receiver was granted permission by the state court to disclaim to plaintiff the rig covered by the chattel mortgage, on February 15, 1932, and on February 18, 1932, advised plaintiff that he disclaimed any interest in the rig, machinery, etc., and went further than the state court's orders authorized him to do and stated, "Your oil payment will not be recognized, since no oil has even been produced on the land, and the rights of your assignor have been forfeited and terminated." Plaintiff was not a party to the proceedings resulting in the order authorizing the receiver to disclaim the rig, and after receiving the letter rejected the receiver's offer. Thereafter, under directions of the state court, the receiver sold, transferred, and assigned and conveyed to A. G. Deck "all right, title and interest of the original lessee and present owner in and to said lease and rights thereunder, in so far as it covers the interest now owned and held by said receiver, J. C. Barton." Deck later assigned the lease to Jack J. Berry, appellant. The drilling rig was on the lease when Berry went into possession. It was taken down and later was removed by some unauthorized person, but was never returned to Harrell. After the institution of this suit, on April 13, 1933, Louie Lacy executed and acknowledged an instrument to Berry, called a ratification agreement. In this instrument Louie Lacy stated that

the original contract between her and J. M. Riggs was never fulfilled and was canceled, forfeited, and abandoned. Plaintiff was not a party to this instrument. The court found that oil had been produced and was sold to the Magnolia Petroleum Company, in which the two $\frac{7}{32}$ interest would amount to $7,958.58, the amount for which judgment was awarded.

The assignment from Trimble to Harrell in terms vested an interest in the land until he was paid the sum of $10,000. Dunn v. Tennant (Tex.Civ.App.) 82 S.W.(2d) 728. Under the offer to modify the agreement, set out in Harrell's letter, it was defeasible on paying $6,000, but that was not done, and the assignment was absolute. It was properly recorded, and the receiver had actual notice of it when Harrell's attorney sent him a copy. The notice to the receiver was not equivalent to an intervention and did not make Harrell a party to the receivership proceedings in the state court. International Banking Corporation v. Lynch (C.C.A.) 269 F. 242; Clark Receivers, Second Edition, p. 916. Therefore, his rights were not affected by any action of the receiver. The sale of property by a receiver vests in the purchaser only such title and interest as the debtor had. Any person having an interest in the property sold is not divested of his interest by the sale unless he has been brought into court by legal process. 36 Texas Jurisprudence 181–213; Scott v. Farmers' & Merchants' Nat. Bank, 97 Tex. 31, 75 S.W. 7, 104 Am.St.Rep. 835; Lazarus v. Van Slyke (Tex.Civ.App.) 39 S.W. 123; Edinburg Irr. Co. v. Paschen (Tex.Com.App.) 235 S.W. 1088; Shaura Silk Mills v. Waters Weisman Co. (C.C.A.) 297 F. 196; Real Estate Loan Co. v. Brown (D.C.) 23 F.(2d) 329 and authorities cited. The assignment from Riggs to Trimble was legally delivered and was good and valid as between him and Riggs and Louie Lacy, though not recorded. Harrell's assignment was promptly placed of record which was notice to all persons subsequently acquiring the property. Louie Lacy's belated attempt to repudiate her acceptance of Trimble's completion of Riggs' contract and ratification of Berry's title could not affect the rights of Harrell.

The judgment is affirmed.