**William C. CARTER et al., Appellants,**

v.

**CITY OF FORT WORTH et al., Appellees.**

No. 16366.

Court of Civil Appeals of Texas.

Fort Worth.

May 11, 1962.

Rehearing Denied June 8, 1962.

Richard T. Churchill, Fort Worth, for appellants.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellees.

PER CURIAM.

Under consideration is the matter of the appellees' motion to affirm on certificate the judgment of the trial court, and also a motion of the appellants for an extension of time for filing transcript and statement of facts.

Following a hearing on the merits of the appellants' suit for permanent injunction, judgment denying such relief was entered on February 13, 1962. In view of the provisions of Texas Rules of Civil Procedure, rule 386, "Time to File Transcript and Statement of Facts", the appellants were obligated, in the event of an appeal, to file the record on or before sixty (60) days from date of the judgment, which would be on or before April 14, 1962. There is a proviso appended to said requirement of

Rule 386, which in certain instances warrants this court to enlarge the period within which said record may be filed, the language of the proviso reading as follows: "provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

■ Appellants did not file the record or any part thereof on or before said sixty days from date of the judgment which would have been on or prior to April 14, 1962. Five days thereafter, April 20, 1962, the appellants filed an unsworn motion for extension of time within which to file the transcript and statement of facts. In said unsworn motion, to which no affidavit was appended as prima facie proof of any fact, appellants represented that a statement of facts had been ordered of the court reporter on date of March 12, 1962, which, so far as was known to said counsel, had not been completed. It was stated, further, as follows: "Counsel for plaintiffs has now served the Court Reporter with written request to prepare and deliver such transcript, and has also served the Clerk of the Court with written direction to prepare transcript."

In Rhodes v. Turner, 1942 (Tex.Civ.App., Fort Worth), 164 S.W.2d 743, it was announced to the members of the Bar, the official court stenographers, and the clerks of the courts in the Second Supreme Judicial District of Texas that from date of the publication of said opinion this court would require a strict showing before granting extensions of time for filing transcripts or statements of facts. It was furthermore stated that it would be the policy of the court to require that all such motions be verified and that they be accompanied by affidavits of the court reporters or clerks setting out in detail the reasons why the records in such cases could not be prepared in time for filing within 60 days. Still further, it was stated that in the event any appellant delayed any substantial time after judgment, or order overruling motion for new trial, in ordering the record from the clerk and the official court stenographer, a strict showing of good cause for such delay would be required. We adhere to such rule. In this the Fort Worth court does not stand alone, but most, if not all the Courts of Civil Appeals of Texas, adhere to the same policy. This is evidenced by the annotations under the rule in Vernon's Annotated Texas Rules of Civil Procedure. When we apply the rule and decisions thereunder to the facts of the instant case it is apparent that appellants' motion for an extension of time fails to meet the requirements of law and that their request must be denied.

■ Appellants have tendered for filing a sworn instrument designated as "Supplemental Motion To Extend Time For Filing Transcript And Statement Of Facts", in which an attempt has been made to cure deficiencies as to form in their original motion for extension of time, appending thereto certain affidavits. The so-called supplemental motion was delivered to the clerk upon a date subsequent to the fifteen days mentioned in the "proviso" of Rule 386, and for that reason may not be filed. We take occasion to note, nevertheless, that it is evident from the affidavit of the District Clerk thereunto appended that the written designation of the instruments to be included in the transcript to be prepared in the office of the clerk, pursuant to the provisions of T.R.C.P. 376, "Transcript", was not filed until a date beyond the sixty-day primary period mentioned in the Rule, and no explanation was given in justification of such delay. In view thereof good cause would not be shown by the moving party, even if we could file appellants' supplemental motion.

■ The appellants' motion for extension of time having been overruled, we reach

the matter of the appellees' application for affirmance on certificate under the provisions of T.R.C.P. 387 "Affirmance on Certificate". Certified copies of the judgment and appeal bond and a certificate of the clerk of the trial court were filed along with the application. The motion having been filed within one year after expiration of the time within which the appellants had the right to file the transcript, it appears that the appellees are entitled to have judgment affirmed against the sureties on the bond, as well as against the appellants.

The motion to affirm on certificate is granted. Judgment of the trial court denying injunction is affirmed. Judgment for costs is also rendered against the numerous sureties on the appeal bond, to be listed by the clerk in the formal order entered.