**Elnora BLY, by Devalia Lewis, Guardian, Appellant,**

**v.**

**Riley HARVEY et al., Appellees.**

**No. 7678.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 23, 1965.

Rehearing Denied Dec. 14, 1965.

Pat C. Beadle, Clarksville, T. D. Wells, Paris, for appellant.

B. F. Edwards, Clarksville, Dexter W. Scurlock, Fort Worth, for appellees.

CHADICK, Chief Justice.

This is an appeal from a judgment rendered in a bill of review proceeding. The judgment of the trial court is reversed and rendered.

The pleadings of the parties establish that Elnora Bly was a person of unsound mind at all times relevant to this lawsuit. Prior to the case on appeal William C. Lee, as next friend of Elnora Bly, filed suit December 10, 1960, in the District Court of Red River County, wherein Elder Jones and Roy Jones, her brothers, were named as defendants. The action was styled "Elnora Bly, Plaintiff, v. Roy Jones, et al, Defendants", and numbered 21,448 on the docket of the court and it is the judgment in that case that is being attacked in this bill of review. In this original suit Elder Jones did not answer or appear; no process was served on Roy Jones, but he put in an appearance by filing an original and an amended written pleading. Neither of Roy Jones' pleadings was served upon Elnora Bly personally by citation or any similar process, nor was a guardian ad litem requested or appointed for her. Roy Jones' original and amended pleadings were each described by him and filed as an *Answer* to Elnora Bly's petition.

Elnora Bly's original petition in Cause No. 21,448 is in the form usually found in a statutory trespass to try title action, with the addition of this paragraph, to-wit:

"IV. Plaintiff would further show that the Defendant Roy Jones is asserting a claim against the land for payments alleged to have been made to the Federal Land Bank of Houston on Vendor's Lien Note owed by Plaintiff as well as claim for other accounts alleged to have been paid by him for Plaintiff and Plaintiff desires the court to adjudicate such claims whereby full settlement may be made to him for the amount due, if any, under such claims."

The prayer is in this language:

"Wherefore, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein in the manner provided by law; that upon hearing hereof, Plaintiff have judgment for the title and possession of the above described premises; that the claim of Roy Jones be adjudicated, and judgment rendered accordingly; for costs of suit and for such other and further relief as she may be entitled to either at law or in equity."

The appellee asserts that the judgment of the trial court in this bill of review may

be sustained on the proposition that the Elnora Bly petition considered alone empowered the court to grant the relief awarded by the judgment in No. 21,448 as it contains all of the requisites of a suit for equitable partition of real estate, and that Roy Jones' pleading is simply a responsive answer to Elnora Bly's petition meeting only the issues first presented by the petition's allegations. The nature and effect of Elnora Bly's and Roy Jones' pleadings in No. 21,448 is the pivot on which this appeal turns. An analysis must be made.

■ A next friend, such as William C. Lee, in Cause No. 21,448, is not empowered to concede or admit anything prejudicial to the interests of the incompetent Elnora Bly, by pleading or otherwise, nor may he as a next friend waive any substantial right relating to Elnora Bly or her estate. Wright v. Jones (Com.App.) 52 S.W.2d 247 (1932); Bradford v. Knowles, 78 Tex. 109, 14 S.W. 307 (1890); Watson v. Glenn (Tex.Civ. App.) 82 S.W.2d 704. The petition prepared by Elnora Bly's next friend must be measured by this rule. Effect will be given to the rule by assuming that the pleader did not intend to admit anything prejudicial to Elnora Bly's interest unless the language used in the petition will permit no other reasonable construction.

The petition filed in Elnora Bly's behalf in No. 21,448 primarily states an action to recover title to the land described therein. Its paragraph III charges Elder Jones alone with unlawfully entering, dispossessing Elnora Bly and withholding the land from her possession, etc. Secondarily, in paragraph IV, the petition states that Roy Jones is asserting a claim against the land because of payments he claims to have made to the Federal Land Bank of Houston on Vendor's Lien notes owed by Elnora Bly, and for "other accounts" paid for her benefit. These allegations in paragraph IV are followed by language that appears to be intended as an explanation of the purpose for making the allegations.

■ The wording of Paragraph IV, plaintiffs' petition in Cause No. 21,448 quoted above does not actually convey the thought that Roy Jones claimed title to the land, it alleges that his claim is against the land. Neither does the pleading in fact say that the vendor's lien that Jones claims to have paid attached to the land in suit. When the allegation is construed with deference to the rule, any implication that the lien attached to the land must be excluded. As previously mentioned, Paragraph IV contains an explanation of the purpose of the allegations, which is, to have Roy Jones' claims adjudicated so that a full settlement may be made for any amount found to be due him. This purpose can not be, consistent with the rule, construed as an admission that something, money, or an interest in the land, is due by Elnora Bly or her estate to Roy Jones; rather this allegation should be given the meanings ordinarily conveyed by its words when used in a trial court pleading.

Language such as *adjudication of claims that full settlement may be made for the amount due* is not ordinarily understood by Bench and Bar as dealing with an adjudication of land titles, interest in land or partition thereof. These words would ordinarily be understood to denote money demands and payment in money of a liquidated demand. An offer, or a suggestion, by one party that a claim be adjudicated and settled by payment of an amount found to be due to a second party ordinarily is not understood as a proposal by the first party to partition out to the second an interest in real estate. As limited by the rule, the permissible construction of the language of paragraph IV and the prayer is that an action for an accounting is alleged and relief appropriate to such action is sought.

■ The above analysis of the plaintiffs' pleading compels the further conclusion that Roy Jones' answer plead an action for partition of land, a new and independent suit, or, that a judgment was entered in the trial court that had no basis in the pleading.

Examination of the Roy Jones first amended original answer in 21,448 puts this question at rest. This pleading shows Roy Jones claimed an equitable title to an interest in the land by reason of paying some of the purchase money vendor lien notes. In paragraph IV of this same pleading it is alleged that the land is incapable of partition, that a receiver should be appointed to sell the land and the proceeds divided between the plaintiff and the defendant, etc. The prayer was for partition and other relief.

■ This answer by Roy Jones asserting a counter-claim was a cross-action setting up an action different from that plead on behalf of the plaintiff Elnora Bly by her next friend. Elnora Bly was as to this cross-action a defendant. Rule 85. A plaintiff of unsound mind, represented at the time of judgment in a suit by next friend as authorized by Rule 44, Vernon's Ann. Tex. Rules, when cast into the position of a defendant by a cross-action in the suit must be served with citation on the cross-action in accordance with the provisions of Rule 106, else the judgment rendered is voidable and may be set aside in a bill of review proceeding directly impeaching the judgment. McAnear v. Epperson, 54 Tex. 220 (1881); Wheeler v. Ahrenbeak, 54 Tex. 535 (1881); Wright v. Jones (Comm.App.1932) 52 S.W. 2d 247; 30 Tex.Jur.2d 723, Sec. 29; 34 Tex.Jur.2d 87, Sec. 223. See also 1 Texas Civil Practice (McDonald) 198, Sec. 3.09. The trial court did not have jurisdiction of Elnora Bly insofar as Roy Jones' cross-action is concerned, and the judgment rendered thereon in No. 21,448 must be nullified.

■ The conclusion expressed above that the trial court was without jurisdiction to partition the land is fatal to appellee Riley Harvey's claim to title as an innocent purchaser. See Edinburg Irr. Co. v. Paschen, (Com.App.1921), 235 S.W. 1088; Maury v. Turner, 244 S.W. 809 (Com.App.1922); Berry v. Harrell, 5 Cir., 83 F.2d 671; 35 Tex.Jur.2d p. 19, sec. 9; p. 28, sec. 15; 75

C.J.S., Receivers § 257, p. 885. Having purchased from a receiver, he was on notice of the proceedings in Cause No. 21,448, and the voidable nature of the judgment therein. The judgment and its defects is in his chain of title. All points of error, counterpoints and motions to dismiss not specifically dealt with herein have been carefully examined and decided in harmony with the disposition made of the appeal.

Riley Harvey, Roy Jones, Elder Jones, Mildred Scales and her husband, Earl Scales, are named as defendants in this bill of review proceeding. Judgment was entered in the trial court awarding Riley Harvey title and possession of the land in suit. Elnora Bly and her guardian gave notice of and perfected an appeal; Mildred Scales and her husband, Earl Scales, did not give notice of appeal; Elder Jones gave notice of appeal, but has not filed an appeal bond nor an affidavit in lieu thereof. The appeal of Elder Jones will be dismissed for want of jurisdiction. The judgment of the trial court is reversed and judgment rendered setting aside the judgment and orders in No. 21,448 and divesting title to the land in suit out of Riley Harvey and vesting the same in Elnora Bly, and awarding Elnora Bly all writs appropriate, necessary or useful in securing to her the possession and enjoyment of the land.

DAVIS, Justice.

I dissent. I would dismiss the appeal. The final judgment in the case was signed and entered on March 22, 1965. Rule 306a, V.A.T.R.C.P. Devalia Lewis, Guardian of the person and estate of Elnora Bly, a person of unsound mind, did not come to file an appeal bond. Art. 2276, Vernon's Ann. Tex.Civ.St. The transcript was requested on April 30, 1965. The time to file the transcript and statement of facts expired on May 21, 1965. On May 19, 1965, Elnora Bly, individually, a person of unsound mind, filed a motion in this court requesting an extension of time to file the statement of facts, transcript, and bill of exceptions.

The motion, omitting the heading, reads as follows:

### "TO SAID HONORABLE COURT:

"Appellant, Elnora Bly, in the above entitled and numbered cause, shows that she has taken an appeal from the judgment of the trial court rendered herein; that she has not filed the transcript and statement of facts therein with the Clerk of this Court within the sixty days required by the Rule; that, within this, a reasonable time, and not exceeding fifteen days after the expiration of such sixty day period, she makes this motion and shows that good cause existed, within such sixty-day period and to this date, why such transcript and statement of facts could not be so filed, viz: that the court reporter who reported the testimony and other proceedings in the trial of such cause has not been able, due to the volume of work which she has been required to do for the past several weeks, to prepare a transcript of the testimony and bills of exceptions as required by law, after due request therefor made by this appellant; that such cause will probably be removed within 30 days.

"Wherefore, movant prays that this Honorable Court permit such transcript, statement of facts and bills of exceptions to be filed as such time and upon such terms as it may prescribe."

"Respectfully submitted, this 19th day of May, 1965.

/s/ Pat C. Beadle

Attorney for Appellant, Elnora Bly,
Beadle Building,
Clarksville, Texas"

The motion was not verified, and was not accompanied by a statement and/or affidavit from the District Clerk or the Court Reporter that they had been timely requested to prepare the transcript and statement of facts, and that they could not do so. We granted the motion on May 25, 1965 (on the 5th day after the motion was filed) in violation of Rule 409, V.A.T.R.C.P. The rule is as follows:

"Rule 409. Notice on Motion:

"The clerk, upon filing and docketing a motion other than one for rehearing in any cause, shall, unless waived, give notice to the opposite party or his attorneys of record, by transmitting a brief notice of the nature or purpose of such motion to said party or his attorneys in the manner provided in Rule 411, *and no such motion shall be heard or determined until ten days after such notice has been mailed.* The ten days' notice requirement may be disregarded by the court in cases of emergency." (Emphasis added).

The Statement of Facts was not approved and certified to by the attorneys for appellant. Neither did they submit the statement of facts to the attorneys for the appellees to examine, approve and certify. The action taken by the attorneys for appellant is in violation of Rule 377(c), R.C.P., which reads as follows:

"(c) Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, or whenever, with or without such a request, a statement of facts is filed or offered for filing by appellant, *the appellant shall deliver or mail to the appellee or his counsel* and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired in narrative form, if any, and the portions desired in question and answer form, if any, and the portions that are desired to be omitted. Within ten days thereafter any other party to the appeal may file a designation in writing of any additional portions of the evidence to be included, specifying the portions desired in narrative form, if any, and the

portions desired in question and answer form, if any."

The statement of facts was filed by the District Clerk on May 4, 1965. Under the Court Reporter's signature, I find the following:

"Approved this the 3rd day of June, A.D. 1965.

/s/ Herbert Line
Judge Presiding
102nd Judicial District of Texas."

There is NO certificate by the District Judge that the statement of facts constitutes a full, true and correct copy of the testimony adduced on the trial of the cause or, an order requiring the statement of facts to have been filed as part of the record in the case. Fellers v. Anco Sales Company (Tex. Civ.App., 1959) 327 S.W.2d 797; First National Bank of Bryan v. Roberts (Tex.Civ. App., 1955) 280 S.W.2d 788, W.R., N.R.E. The trial court was apparently trying to approve the statement of facts under Rule 377(d), R.C.S., which reads as follows:

"(d) Approval of Trial Court Unnecessary. It shall be unnecessary for the statement of facts to be approved by the trial court or judge thereof when agreed to by the parties. If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth."

In the original motion, which we granted erroneously, the appellant gave no good cause for the failure of the District Clerk to prepare and file the transcript within sixty days. Appellant tries to excuse himself by the fact that the trial judge extended the time in which to file the transcript and statement of facts until June 4, 1965. The District Judge could not extend the time for such action beyond the 60 day period that is required to file the transcript and statement of facts in this court. Rule 381, R.C.P. Since this court had notice that Elnora Bly was a person of unsound mind, we should not have considered the motion. The law is too well settled to require citing authorities.

I think the court's action is in violation of Rule 385, R.C.P., because we did not require a showing of "good cause" as has been defined by the courts of this state. Matlock v. Matlock (Tex.Civ.App., 1951) 245 S.W.2d 536; Reversing 1952, 151 Tex. 308, 249 S.W.2d 587; Dellerman v. Trager (Tex.Civ.App., 1959) 327 S.W.2d 667, wr. dism'd; Carter v. City of Fort Worth (Tex.Civ.App., 1962) 357 S.W.2d 581; Taylor v. Federal Land Bank of Houston (Tex. Civ.App., 1965) 390 S.W.2d 477; Consolidated Casualty Insurance Co. v. Wade, (Tex.Civ.App., 1963), 373 S.W.2d 841. wr. dism.

This court is without jurisdiction.